In the Matter of THOMAS J. ASHLEY, Petitioner, v NEW YORK STATE POLICEMEN'S AND FIREMEN'S RETIREMENT SYSTEM, Respondent.

Third Department, November 25, 1987

## APPEARANCES OF COUNSEL

*Frederick J. Adler* for petitioner.

*Robert Abrams, Attorney-General (Patrick Barnett-Mulligan* and *Nancy A. Spiegel* of counsel), for respondent.

**OPINION OF THE COURT**

MAHONEY, P. J.

In July 1982, after undergoing a required medical examination, petitioner was appointed to a position with the Police Department of the Town of Eastchester in Westchester County. On September 18, 1985, he was hospitalized complaining of chest pains. Thereafter, on November 4, 1985, petitioner filed a timely application for retirement for disability incurred in performance of duty under Retirement and Social Security Law § 363-c. The application alleged that petitioner was permanently disabled from performance of duty by coronary artery disease, an incident of which caused his hospitalization on September 18, 1985.

Respondent disapproved petitioner's application because "the incapacity is not the result of a disability sustained in the service upon which his membership is based". Petitioner requested a hearing, after which the Hearing Officer denied petitioner's application since "[t]he incapacity for performance of duty is not the natural and proximate result of a disability sustained in service" as required by Retirement and Social Security Law § 363-c. The Comptroller upheld the Hearing Officer's determination, following which petitioner commenced this CPLR article 78 proceeding. By order of Supreme Court, the proceeding was transferred to this court.

Petitioner's principal contention that he is entitled to retirement benefits pursuant to Retirement and Social Security Law § 363-c is based upon the argument that, unlike section 363 of that law, the recently enacted section 363-c does not require that the incapacity be the natural and proximate result of a disability sustained in the performance of duty. Therefore, petitioner argues, the written determination by the Hearing Officer that "the applicant was employed and performing his duties at the time he became disabled with the coronary heart disease" is sufficient to find that petitioner is entitled to the disability retirement benefits of section 363-c. We disagree.

Reference to the documented legislative intent behind the enactment of Retirement and Social Security Law § 363-c clearly shows that its purpose was to eliminate the need for applicants to establish that their disability was the proximate result of an accident, as opposed to an occurrence or incident,

as previously required by section 363. However, the basic requirement that the injury be incurred in the discharge of duty was not eliminated. This proposition is also supported by the plain meaning of the title of section 363-c, which is "Retirement for disability incurred in performance of duty".

Finally, we note that the Hearing Officer in his determination applied the statutory presumption in Retirement and Social Security Law § 363-c, which operates in favor of applicants by raising a rebuttable presumption that heart disabilities are incurred in the line of duty. However, it is well established by case law that such heart presumption is rebuttable by substantial, competent evidence *(see, Matter of Hoyt v Regan,* 93 AD2d 937; *Matter of Fischer v Levitt,* 65 AD2d 858). Here, there was expert proof that the disability was not job related, and petitioner failed to introduce any evidence to the contrary. Accordingly, we conclude that the administrative determinations properly found the statutory heart presumption to be rebutted by competent evidence in this case.

KANE, CASEY, WEISS and LEVINE, JJ., concur.

Determination confirmed, and petition dismissed, without costs.