■ In the Matter of LEONARD J. HUETHER, as Fire Chief of the City of Rochester, on Behalf of VINCENT DE LORENZO, et al., Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review determinations of respondent which denied petitioner's applications for duty disability retirement benefits for three firefighters.

This is a CPLR article 78 proceeding to review denials of applications for duty disability retirement benefits for three firefighters pursuant to Retirement and Social Security Law § 363-c. The issue in this proceeding is whether the firefighters' disabilities were incurred in the performance and discharge of their duties.

It is uncontested that all three firefighters suffered disabling

impairments caused by diseases of the heart. Firefighter Vincent De Lorenzo was disabled due to coronary artery disease, two heart attacks and angina; firefighter Daniel Jerzak was disabled due to coronary artery disease and angina; and firefighter Anthony Di Giovanni was disabled due to coronary heart disease, angina and a heart attack. Their applications for disability benefits were denied by respondent, who found that while the firefighters were incapacitated from the performance of their duties, the disabilities were not the natural and proximate result of occurrences sustained in the performance of their duties as firefighters. Petitioner on behalf of the firefighters sought redetermination of all three denials.

At the subsequent hearings, petitioner invoked the presumption contained in Retirement and Social Security Law former § 363-a (1) which provides in relevant part that "any condition of impairment of health caused by diseases of the heart, resulting in disability or death to a fireman shall be presumptive evidence that it was incurred in the performance and discharge of duty."* To rebut this presumption, respondent presented the testimony of Dr. Richard Dent in all three proceedings. The Hearing Officer held that in each case, Dr. Dent's testimony had rebutted the presumption that the firefighters' disabilities were incurred in the performance of firefighting duties and disapproved all three applications for duty disability retirement.

Petitioner contends that the finding that respondent rebutted the presumption contained in Retirement and Social Security Law § 363-a (1) was not based on substantial evidence. We agree with that contention.

In substance, Dr. Dent's rebuttal evidence was to the effect, in regard to Jerzak's claim, that there was no relationship between the firefighters' duties and coronary artery disease. He said he was unable to find any evidence that the occupation of firefighting leads to the development of coronary artery disease. Dr. Dent's evidence as to Jerzak was stipulated to apply to the rebuttal evidence as to the other two firefighters. Dr. Dent also said that he was not aware of any reason to believe that Jerzak's occupation contributed to the metabolic factors which cause coronary heart disease and that job-related stress was not a cause of coronary artery disease, although he admitted that experts disagreed on this point. Dr.

---

* While Retirement and Social Security Law § 363-a (4) implies that these provisions expired on August 31, 1976, they have been extended by Retirement and Social Security Law § 480.

Dent also testified that the combination of physical and emotional stress at a fire scene, coupled with the otherwise sedentary nature of the job, did not and had not been shown to play any part in the development of coronary artery disease. He discounted as well the effect on the development of coronary artery disease of firefighting in extreme temperatures, coupled with the heat of the fire, and exposure to carbon monoxide at a fire.

As to Di Giovanni, Dr. Dent also testified that he found no medical evidence to support the contention that firefighting is responsible for coronary artery disease. He also testified that there "were no causes one could point at as a specific cause of [Di Giovanni's] coronary artery disease" and that he did not know the cause of De Lorenzo's coronary artery disease, and it was a possibility that De Lorenzo developed his coronary artery disease from his activities as a firefighter and that such conclusion applied to all firefighters' retirement applications.

In addition, Dr. Dent conceded that the disabling myocardial infarctions and angina experienced by these firefighters would have been precipitated by the physical and emotional stress of their professional activities and its impact on the underlying coronary artery disease. In light of the foregoing concessions and Dr. Dent's inconclusive opinion on the relationship between heart disease and a firefighter's activities, we find that respondent did not overcome the statutory presumption that the heart-related disabilities herein were incurred in the performance of the duties of these firefighters.

Determinations annulled, with costs, and matter remitted to respondent for redetermination of petitioners' applications for duty disability retirement benefits in accordance herewith. Kane, J. P. Main, Mikoll, Levine and Harvey, JJ., concur.