■ In the Matter of JOAN A. NERNEY, Petitioner, v NEW YORK STATE POLICEMEN'S AND FIREMEN'S RETIREMENT SYSTEM et al., Respondents.—Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental death benefits.

Petitioner filed an application for accidental death benefits with respondent New York State Policemen's and Firemen's Retirement System, claiming that petitioner's deceased husband, Francis Nerney, a lieutenant and 13-year veteran of the City of Albany Fire Department, died as a result of an accident which occurred during the course of his employment on February 12, 1984. The application alleged that "[w]hile approaching a burning building, Frank Nerney accidentally slipped on ice, causing his chest to hit the ground with such force as to precipitate a cardiac event". Respondent Comptroller disapproved the application on the ground that the "applicant has failed to sustain her burden of proving that the death of Francis Nerney was the natural and proximate result * * * of an accident sustained in the performance of his duties". This proceeding was then commenced and, by order of Supreme Court, transferred to this court.

At the outset, we note that petitioner is entitled to the statutory presumption that the impairment of health caused by heart disease was (1) incurred in the performance of duty and (2) the natural and proximate result of an accident (Retirement and Social Security Law § 363-a [1]). The presumption, however, may be rebutted by competent evidence (see, Matter of Ashley v New York State Policemen's & Firemen's Retirement Sys., 132 AD2d 90, 92; Matter of Seil v Regan, 74 AD2d 683), and when so rebutted the burden of proving the claim is placed upon the applicant.

Here, petitioner's expert witness, a pathologist, testified that a severe blow to the chest might cause a cardiac event. However, in describing the occlusion that he believed to be the direct cause of Nerney's cardiac fibrillation and death, the witness could not state with absolute certainty "whether the occlusion caused him to fall or whether the fall and the blow

to the chest caused the occlusion". Respondents' cardiologist testified that even if such a blow had occurred, it would not have produced the ventricular fibrillation that caused Nerney's death. Respondents' expert further testified that Nerney's history of cigarette smoking, elevated cholesterol and other risk factors had led to the development of a long-standing degenerative atherosclerotic condition. This condition was the ultimate cause of the "silent" heart attack suffered by Nerney from several hours to several days prior to the episode of fibrillation that actually caused his death.

Initially, petitioner contends that respondents have failed to rebut the presumption that the fall caused Nerney's cardiac fibrillation and ultimately his death. We disagree. The presumption was convincingly rebutted by respondents' cardiologist. Alternatively, petitioner argues that, because the time of the onset of the "silent" heart attack described by respondents' expert is unknown, respondents are unable to rebut the presumption that the heart attack was the natural and proximate result of an accident. In other words, petitioner claims that the evidence does not conclusively eliminate the possibility that Nerney died as a result of an accident. We are not persuaded. The Court of Appeals instructs us that an "accident" is a " 'sudden, fortuitous mischance, unexpected, out of the ordinary' " *(Matter of Lichtenstein v Board of Trustees,* 57 NY2d 1010, 1012; *see, Matter of De Leon v Levitt,* 65 AD2d 646, 648). Thus, some identifiable event, "sudden", "unexpected" and "out of the ordinary", must have occurred that is claimed to be the cause of Nerney's death. Petitioner's theory would not only require respondents to come forward with competent evidence of a nonaccidental cause of death but also to disprove all possible accidental causes of death, even those with no known factual basis. This burden, as a matter of logic, could never be satisfied. Significantly, on the application for death benefits, the "description of accident" refers to the slip and fall on the ice and no other accident. Furthermore, respondents' cardiologist stated that it was Nerney's long-standing degenerative atherosclerotic condition which was the ultimate cause of the "silent" heart attack *(see, Matter of Seil v Regan,* 74 AD2d 683, *supra; Matter of Fischer v Levitt,* 65 AD2d 858). In our opinion, the statutory presumption was effectively rebutted by competent evidence and, thus, the determination should not be disturbed.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Weiss, Yesawich, Jr., Mercure and Harvey, JJ., concur.