◼ In the Matter of THOMAS P. FLYNN, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner became a firefighter in the City of Yonkers,

Westchester County, in March 1964 and he eventually achieved the rank of Fire Captain. In March 1987, while petitioner was on duty, he responded to a fire alarm and attempted to save a woman trapped in a building. While in a smoke-filled area, petitioner claims that he tripped, fell forward and struck his chest on an air bottle strapped to the back of another firefighter. According to petitioner, he felt chest pains immediately after the incident. Nevertheless, petitioner did not seek immediate medical attention but continued to perform heavy firefighting duties, including leading his crew in a ventilating operation. After performing this difficult task, petitioner felt ill and was taken to a nearby hospital where he was examined and released. Petitioner continued to complain of episodes of chest pains but a cardiogram was negative. After approximately one month, petitioner returned to work. Thereafter, in October 1987, petitioner began to feel chest pains and nausea while responding to another fire call. When he attempted to get into the fire truck he fell, striking his chest. He was taken to a hospital where he was examined, treated and released. Upon being informed by his doctors that his heart condition disabled him from performing normal firefighting duties, petitioner decided to retire.

Petitioner's January 1988 applications for accidental disability and performance of duty disability retirement benefits were initially disapproved on the basis that the cause of the described disability allegedly did not constitute an occurrence sustained in the performance of his firefighting duties. Thereafter, consolidated hearings on the applications were held at which medical testimony was presented by both sides. Petitioner's expert, Seymour Cutler, expressed his medical opinion that petitioner was permanently disabled as a result of the trauma sustained in the 1987 incidents. According to Cutler, petitioner's coronary artery was injured during these incidents. The expert for the New York State and Local Police and Fire Retirement System, Stewart Rosner, agreed that petitioner was permanently disabled, but opined that the cause of his disability was not an accident but the underlying condition of petitioner's coronary artery disease. Instead, Rosner blamed petitioner's obesity, history of tobacco use and elevated cholesterol level for the onset of petitioner's coronary disease. In Rosner's opinion, the March and October 1987 incidents could not have caused the disability even if the stress and exertion associated with these incidents did contribute to the symptoms of anginal syndrome.

After the hearings, respondent granted petitioner's applica-

tion for performance of duty disability retirement benefits, but again denied his request for accidental disability retirement benefits. Thereafter, petitioner commenced this CPLR article 78 proceeding seeking to annul respondent's determination denying him accidental disability retirement benefits. This proceeding was then transferred to this court pursuant to CPLR 7804 (g).

We confirm. Petitioner principally claims that the determination denying his application for accidental disability retirement benefits was irrational because the Retirement System's proof was allegedly not sufficient to overcome the "statutory heart presumption" contained in Retirement and Social Security Law § 363-a (1). This provision provides in relevant part that "any condition of impairment of health caused by diseases of the heart, resulting in disability or death to a [firefighter] shall be presumptive evidence that [1] it was incurred in the performance and discharge of duty and [2] the natural and proximate result of an accident" (Retirement and Social Security Law § 363-a [1]). Significantly, this presumption can be rebutted by competent evidence to the contrary (Retirement and Social Security Law § 363-a [1]; *see, Matter of Nerney v New York State Policemen's & Firemen's Retirement Sys.*, 156 AD2d 775, *lv denied* 75 NY2d 710).

Here, respondent does not seriously dispute that the 1987 incidents were accidents, but only disputes whether petitioner's disability was caused by these accidents. In this regard, the Retirement System's expert unequivocally stated that physical trauma has no relationship to angina and petitioner's 1987 accidents were "completely irrelevant" to his disability. In contrast, petitioner's expert testified that petitioner's disability was the natural and proximate result of his accidents. As this court recently stated, however, "[respondent's] evaluation of such conflicting opinions must be accepted" *(Matter of Kubica v New York State Employees' Retirement Sys.,* 171 AD2d 917). Since there is substantial evidence that petitioner's heart disease was caused by factors other than those stemming from his accidents, respondent's determination that the statutory presumption was convincingly rebutted is rational *(see, Matter of Nerney v New York State Policemen's & Firemen's Retirement Sys., supra,* at 776).

We must also reject petitioner's contention that it was illogical and inconsistent for respondent to rule that petitioner was entitled to performance of duty disability retirement benefits and not accidental disability retirement benefits. Significantly, both petitioner's and the Retirement System's med-

ical experts agreed that physical exertion and stress (which are both normal parts of the job of a firefighter) could be competent producing causes of petitioner's disability *(see, Matter of Huether v Regan,* 134 AD2d 686, 688). This holds true despite the fact that the experts disagreed over whether physical trauma could produce the same results. Accordingly, respondent was perfectly justified in concluding that that part of Retirement and Social Security Law § 363-a (1) that presumes that a heart disease arose out of the performance of duty was not rebutted, even though the presumption relating to accidents was rebutted.

Mahoney, P. J., Casey, Weiss and Levine, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.