employer testified as to his having heard claimant make such remarks and that claimant had previously been warned regarding such comments. Two female employees also testified as to the remarks claimant made to them. Although claimant denied that he made such remarks, questions of credibility are for the Board to resolve (see, Matter of Woods [Ross], 54 AD2d 515). Claimant's remaining contentions have been considered and rejected as lacking in merit.

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Mahoney, JJ., concur. Ordered that the decision is affirmed, without costs.

■ In the Matter of JUDITH SHANNON, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental death benefits.

Respondent's expert testified that it was "highly unlikely" that decedent's fall while on duty precipitated his myocardial infarction. This testimony, coupled with the other medical evidence in the record showing that decedent's condition was long standing and severe, provided competent evidence to rebut the "heart presumption" created by Retirement and Social Security Law § 363-a (see, Matter of Nerney v New York State Policemen's & Firemen's Retirement Sys., 156 AD2d 775, lv denied 75 NY2d 710). Petitioner has failed to prove otherwise and we therefore agree with respondent that the death of petitioner's husband was not the natural and proximate result of an accident sustained in the performance of his duties as a firefighter. Any evidence to the contrary merely presented a conflict of medical opinion which was for respondent to resolve (see, Matter of Legault v Regan, 105 AD2d 505, 506).

Weiss, P. J., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

■ In the Matter of DENNIS McCOMB, as Fire Chief of the City of Poughkeepsie, on Behalf of ARTHUR BOYD, JR., Petitioner, v EDWARD REGAN, as State Comptroller, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for performance of duty disability retirement benefits for Arthur Boyd, Jr.

It is undisputed that Arthur Boyd, Jr., on whose behalf