■ In the Matter of STEVEN A. WALOS, Petitioner, v EDWARD V. REGAN, as State Comptroller, et al., Respondents.— Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's requests for accidental disability retirement and performance of duty disability retirement benefits.

Initially, we reject petitioner's contention that respondent Comptroller erred in denying his application for accidental disability retirement benefits for lack of proper notice. There is no evidence in the record that petitioner complied with any of the notice requirements set forth in Retirement and Social Security Law § 363 (c). In addition, his application for such benefits was not filed until July 18, 1988, more than two years after the date of the incident (March 24, 1986) and well beyond the one-year time limit for such applications (see, Retirement and Social Security Law § 363 [c] [b] [2]). Finally, petitioner failed to show that his untimeliness should have been excused for good cause (Retirement and Social Security Law § 363 [c] [b] [3]; 2 NYCRR 331.2).

In any event, we find no error in the Comptroller's additional determination that the March 24, 1986 incident was not an accident. It is not disputed that petitioner is disabled and that his disability is due to his heart disease. Thus, the statutory "heart presumption" applies. Under Retirement and Social Security Law § 363-a (1), it is presumed that the heart disease was incurred in the performance of duty and was the natural and proximate result of an accident. That presumption, as is the case here, can be rebutted by competent evidence to the contrary (see, Matter of Flynn v Regan, 178 AD2d 887).

We have previously observed that an accident is "a sudden, unusual happening, injurious on impact * * * [and] usually due to a hazardous condition, the existence of which is unrelated to one's employment" (Matter of Malenda v Regan, 134 AD2d 808). Petitioner testified that on the day in question he was performing his regular duties as a firefighter at the scene of a fire when he felt pains in his back. He continued, however, to perform his job and finished his rotation the next day before going on vacation. It was while petitioner was at home on March 29, 1986 that he experienced chest pains; he was admitted to the hospital and diagnosed as having suffered a heart attack and as having coronary disease. These events do not come within the definition of an accident. Moreover, the physician for respondent Policemen's and Firemen's Retirement System testified that the incident did not cause the heart attack and that petitioner would have suffered a heart attack at some point even without the incident (see, Matter of Nerney v New York State Policemen's & Firemen's Retirement Sys., 156 AD2d 775, lv denied 75 NY2d 710).

Additionally, we find no error in the rejection of petitioner's application for performance of duty disability retirement benefits. The Retirement System's physician testified that petitioner's heart attack and heart disease were not related to his being a firefighter. Any evidence to the contrary merely presented a conflict of medical opinion for the Comptroller to resolve (see, Matter of Shannon v Regan, 180 AD2d 862). Having rebutted the heart presumption with respect to both of petitioner's applications, it was for petitioner to prove otherwise (see, supra). This he failed to do. We have considered petitioner's remaining contentions and find them to be without merit.

Weiss, P. J., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.