■ In the Matter of ROBERT E. DI LAURA, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York and Administrative Head of the New York State Police and Fire Retirement System, Respondent.—Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's request for performance of duty disability retirement benefits.

Petitioner became a firefighter in the City of Rochester,

Monroe County, in October 1959 and served as a line fire-fighter until October 1966 when he suffered an injury and was transferred to the Fire Safety Division. Petitioner remained in that position until 1978, at which time he was promoted to the rank of lieutenant and placed in charge of the permit section in the Fire Safety Division. In November 1986, petitioner suffered a heart attack and subsequently underwent coronary bypass surgery.

Thereafter, in December 1988, petitioner applied for performance of duty disability retirement benefits. Petitioner's application was denied, however, on the ground that his disability was "not the natural and proximate result of an incident sustained in the [performance of his duties]". Following an administrative hearing, respondent determined that the "heart presumption" contained in Retirement and Social Security Law § 363-a had been rebutted and, accordingly, denied petitioner's application for benefits. Petitioner then commenced this CPLR article 78 proceeding seeking to annul respondent's determination. This proceeding was subsequently transferred to this Court pursuant to CPLR 7804 (g).

Petitioner principally contends that proof submitted by the New York State Police and Fire Retirement System was insufficient to overcome the statutory heart presumption. We agree. Retirement and Social Security Law § 363-a (1) provides, in pertinent part, that "any condition of impairment of health caused by diseases of the heart, resulting in disability or death to a fireman shall be presumptive evidence that it was incurred in the performance and discharge of duty and the natural and proximate result of an accident". Although this presumption may be rebutted by competent evidence to the contrary *(id.; see, Matter of Flynn v Regan,* 178 AD2d 887, 889), we are unable to conclude that such evidence was presented here.

Petitioner's physician testified that petitioner was incapacitated as a result of both his coronary artery disease and the heart attack he suffered in November 1986, while the Retirement System's expert was of the view that petitioner's incapacity was the result of petitioner's "severe coronary artery disease" and angina. When asked whether petitioner's duties as a firefighter caused or contributed to his disability, the Retirement System's expert stated that he "[did] not believe so", noting that he was "not aware of any studies that clearly show[ed] firefighting to cause coronary heart disease". Although petitioner did exhibit some of the recognized risk factors for coronary artery disease, the Retirement System's

expert did not address these factors in his written report and testified that he "[could not] say specifically what caused [petitioner's] coronary artery disease". Plainly, the Retirement System's expert's testimony regarding the relationship between coronary artery disease and firefighting activities is, at best, inconclusive, and we therefore conclude that the Retirement System has failed to overcome the presumption contained in Retirement and Social Security Law § 363-a (1) (*see, Matter of Huether v Regan,* 134 AD2d 686, 688; *cf., Matter of McComb v Regan,* 180 AD2d 862, 863; *Matter of Flynn v Regan, supra,* at 889; *Matter of Nerney v New York State Policemen's & Firemen's Retirement Sys.,* 156 AD2d 775, 775-776, *lv denied* 75 NY2d 710).

Weiss, P. J., Yesawich Jr., Mercure and Casey, JJ., concur. Adjudged that the determination is annulled, with costs, petition granted and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.