■ In the Matter of EDDIE ELLISON, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's request for accidental disability retirement benefits and performance of duty disability retirement benefits.

On petitioner's application for accidental disability retirement benefits, he listed March 7, 1989 as the date of his "accident" because that was the date he found out that he had heart disease. There is no presumption under Retirement and Social Security Law § 363-a (2) that a disease of the heart is a natural and proximate result of an accident. Petitioner, a police officer, was still required to establish that his disability was the proximate result of an accident (see, Matter of Acciavatti v Levitt, 57 AD2d 131), which he failed to do. On the record before us, the conclusion by respondent Comptroller that petitioner did not sustain an accident on March 7, 1989 within the meaning of Retirement and Social Security Law § 363 is supported by substantial evidence (see, Matter of Chambers v Regan, 125 AD2d 920; Matter of Cummings v Regan, 107 AD2d 968). The same is true with respect to the Comptroller's conclusion that the stress petitioner encountered as part of his regular duties did not constitute an accident (see, Matter of Malenda v Regan, 134 AD2d 308; Matter of Galioto v Regan, 126 AD2d 880). There is also substantial evidence to support the Comptroller's determination that while involved in his antidiscrimination lawsuit, petitioner was not engaged in the performance of his duties upon which his membership in respondent New York State and Local Police and Fire Retirement System was based (see, Matter of Pucillo v Regan, 98 AD2d 877, affd 62 NY2d 736; Matter of Sorli v Levitt, 77 AD2d 773, appeal dismissed 52 NY2d 897).

We turn next to petitioner's application for performance of duty disability retirement benefits. It is not disputed that petitioner is disabled and that he established sufficient facts

for application of the statutory "heart presumption" under Retirement and Social Security Law § 363-a (2), i.e., that is that his disability was incurred in the performance and discharge of his duties. That presumption, however, was rebutted in this case by competent evidence to the contrary *(compare, Matter of McComb v Regan,* 180 AD2d 862, *with Matter of Di Laura v Regan,* 189 AD2d 994). According to the testimony of the Retirement System's medical expert the stress of petitioner's duties was not the cause of his disability, which came on gradually with a family history of hypertension. Although petitioner's physician disagreed, it was within the Comptroller's discretion to accord greater weight to the testimony of one physician over another *(see, Matter of DiFede v Regan,* 130 AD2d 832). Petitioner's remaining contentions have been considered and rejected as either unpreserved for review or unpersuasive.

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.