■ In the Matter of the Claim of ROBERT INGUAGGIATO, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York and Administrative Head of the New York State Police and Fire Retirement System, Respondent. [598 NYS2d 383] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for performance of duty disability retirement benefits.

It is undisputed that petitioner is incapacitated from performing his duties as a line firefighter or fire inspector due to coronary artery disease. The issue to be determined in this CPLR article 78 proceeding is whether substantial evidence exists to support respondent's determination that petitioner's incapacity was not the result of a disability sustained in the performance of his duties as a firefighter. Both the medical expert for petitioner and the medical expert for the New York State and Local Police and Fire Retirement System testified that coronary artery disease takes years to develop and was present before petitioner's first heart attack. The Retirement System's expert disagreed with petitioner's expert and testified that petitioner's occupation did not lead to the coronary artery disease, but merely made him more prone to a heart attack because he already had the disease. Petitioner's medical expert testified that a combination of the coronary artery disease and the two heart attacks that petitioner suffered caused petitioner's disability to perform his duties. The Retirement System's expert testified, however, that it was the coronary artery disease and not the heart attacks which resulted in petitioner's disability. Any conflict in medical opinion is for respondent to resolve (see, Matter of Legault v Regan, 105 AD2d 505, 506). Finally, both experts testified that petitioner's obesity and his decreased HDL cholesterol level were two risk factors which contributed to his disease. This testimony provided competent evidence to rebut the "heart presumption" provided in Retirement and Social Security Law § 363-a (1) (see, Matter of McComb v Regan, 180 AD2d 862; Matter of Ashley v New York State Policemen's & Firemen's Retirement Sys., 132 AD2d 90, 92).

Yesawich Jr., J. P., Levine, Mercure, Mahoney and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.