■ In the Matter of MARTIN E. VAN BUREN, Appellant, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. [601 NYS2d 977] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for performance of duty disability retirement benefits.

It is uncontroverted that petitioner suffers from mitral valve prolapse (hereinafter MVP), a structural abnormality of the heart which takes years to develop. The medical experts for petitioner and the New York State and Local Police and Fire Retirement System both agreed that the cause of MVP is unknown. The expert for the Retirement System testified, however, that there is no evidence that MVP is produced by the physical activity or emotional strain that petitioner might encounter in his job. Although petitioner's expert disagreed, it was for respondent to resolve this conflicting medical evidence (see, Matter of DiFede v Regan, 130 AD2d 832, 834). Based on our review of the entire record, we find that competent evidence exists to rebut the "heart presumption" provided in Retirement and Social Security Law § 363-a (1) (see, Matter of Ellison v Regan, 189 AD2d 1076; Matter of Flynn v Regan, 178 AD2d 887, 889; Matter of Nerney v New York State Policemen's & Firemen's Retirement Sys., 156 AD2d 775, 776, lv denied 75 NY2d 710).

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Mahoney, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.