■ In the Matter of JOHN SKAE, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. [617 NYS2d 237] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for performance of duty disability retirement benefits.

Petitioner began his employment as a police officer with the Village of Haverstraw, Rockland County, in February 1967. In

September 1981, petitioner suffered a heart attack and subsequently underwent coronary bypass surgery. Eighteen months later, petitioner resumed his employment and was assigned to a desk job, where he continued to work until he suffered another heart attack in September 1990.* Thereafter, in February 1991, petitioner applied for performance of duty disability retirement benefits pursuant to Retirement and Social Security Law § 363-c. Petitioner's application was denied and, following an administrative hearing, respondent concluded that the "heart presumption" afforded by Retirement and Social Security Law § 363-a (2) had been rebutted and, hence, petitioner was not entitled to benefits. This CPLR article 78 proceeding ensued and has been transferred to this Court pursuant to CPLR 7804 (g).

Retirement and Social Security Law § 363-a (2) provides, in relevant part, that "any condition of impairment of health caused by diseases of the heart, resulting in disability or death to a policeman, presently employed, and who shall have sustained such disability while so employed, shall be presumptive evidence that it was incurred in the performance and discharge of duty". Although this presumption may be rebutted by competent evidence to the contrary *(id.; cf., Matter of Di Laura v Regan,* 189 AD2d 994, 995), we agree with petitioner that such evidence is not present here.

Both petitioner's treating physician and the expert for the State and Local Police and Fire Retirement System agreed that petitioner suffers from advanced coronary artery disease and, as a result, is totally disabled. Additionally, the record sets forth sufficient facts for application of the statutory presumption. Noticeably absent, however, is any testimony regarding the precise cause of petitioner's disability. Although the Retirement System's expert testified that petitioner exhibited some of the recognized risk factors for coronary artery disease, e.g., hypertension, hypercholesterolemia and a history of cigarette smoking, he was unable to state with any degree of medical certainty that these risk factors indeed were responsible for petitioner's disability, nor was he able to rule out work-related stress as a contributing cause. In short, the testimony offered by the Retirement System's expert was, at best, inconclusive and, in our view, insufficient to overcome

---

* The record indicates that petitioner was involved in a work-related altercation a few days before his first heart attack in September 1981 and that petitioner moved a mailbox while on duty shortly before his second heart attack in September 1990.

the presumption afforded by Retirement and Social Security Law § 363-a (2) *(cf., Matter of Di Laura v Regan, supra; compare, Matter of Ellison v Regan,* 189 AD2d 1076, *lv denied* 81 NY2d 709; *Matter of McComb v Regan,* 180 AD2d 862).

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is annulled, with costs, petition granted and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.

