■ In the Matter of CHARLES TUCKER, Petitioner, v H. CARL MCCALL, as State Comptroller, New York State Retirement System, Respondent. [693 NYS2d 654] —Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County), to review a determination of respondent which denied petitioner's application for accidental retirement benefits.

Petitioner contends that, as a result of accidental injuries to his neck while working as a firefighter in January 1978 and March 1988 and a heart attack sustained in September 1989 while at a ball game, he is permanently incapacitated from the performance of his duties as Fire Captain. After a hearing, respondent concluded that the January 1978 and March 1988 incidents were not accidents within the meaning of Retirement and Social Security Law § 363 and that, in any event, petitioner's orthopedic condition relating to his cervical spine is not the natural and proximate result of the work-related incidents. With regard to the heart attack, respondent concluded that petitioner is not disabled by his cardiac condition, which rendered the presumption contained in Retirement and Social Security Law § 363-a inapplicable, and, in any event, respondent found that the presumption was rebutted by competent evidence.

We confirm the determination. The record contains substantial evidence to conclude that the January 1978 and March 1988 incidents occurred during petitioner's performance of ordinary employment duties and were not so unexpected as to constitute accidents within the meaning of the Retirement and Social Security Law (*see, Matter of Madonna v New York State Police & Firemen Retirement Sys.*, 257 AD2d 971, *lv denied* 93 NY2d 806; *Matter of Minchak v McCall*, 246 AD2d 952). One incident involved claimant's inadvertent striking of his head on the mirror on a fire truck and, the second, jamming his head several times during fire drills. In any event, the orthopedic expert for the New York State and Local Police and Fire Retirement System, who based her opinion on the history provided by petitioner, an examination of petitioner and a review of medical records, testified that petitioner's disabling cervical condition is the result of the natural progression of degenerative disc disease unrelated to the traumas claimed by petitioner and which she found insignificant. Thus, substantial evidence supports respondent's finding that the disability was not a natural and proximate result of the work-related incidents (*see, Matter of Tower v McCall*, 257 AD2d 973; *Matter of Orsini v McCall*, 221 AD2d 690).

While petitioner challenges the credibility of the Retirement System's expert and claims that the testimony of his expert is more credible, it is the province of respondent to resolve conflicts of medical opinion (*see, id.*). Respondent's decision to credit the Retirement System's expert in resolving the conflict will not be disturbed.

With regard to petitioner's heart attack, the Retirement System's expert testified that petitioner had made a full recovery, which respondent credited. In the absence of a disabling heart disease, the presumption contained in Retirement and Social Security Law § 363-a is not applicable (*see, Matter of Huether v Regan*, 169 AD2d 907, 909, *lv denied* 77 NY2d 808). The Retirement System's expert also testified that petitioner's heart attack was the result of arteriosclerosis unrelated to the stress that petitioner claimed to have experienced during the performance of his duties. As risk factors for arteriosclerosis, the expert noted that petitioner had smoked up to two packs of cigarettes per day for some 20 to 30 years, suffered from elevated levels of cholesterol and had a father who suffered a heart attack in his mid-60s. The expert's testimony was sufficient to rebut the statutory presumption (*see, Matter of Ashley v New York State Policemen's & Firemen's Retirement Sys.*, 132 AD2d 90, 92). The testimony of petitioner's cardiolo-

gist created a conflict in medical opinions which, as already noted, was within respondent's province to resolve. There is no basis to disturb respondent's determination.

Cardona, P. J., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.