■ In the Matter of RICHARD KRUPINSKI, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [754 NYS2d 723] —Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for performance of duty disability retirement benefits.

Petitioner, a police officer employed by the Port Authority of New York and New Jersey, was first diagnosed with coronary artery disease in 1996. Although petitioner returned to work after undergoing coronary bypass surgery, a November 1997 cardiac catherization procedure rendered him totally disabled from his duties as a police officer. Petitioner's subsequent application to the New York State and Local Police and Fire Retirement System for performance of duty disability retirement benefits, pursuant to Retirement and Social Security Law § 363-c, was denied on the ground that his heart disease was not a natural and proximate result of his duties as a police officer. Upon administrative review, a Hearing Officer credited the opinion of the Retirement System's expert that petitioner's

coronary artery disease had been caused by coronary athero-sclerosis due to hyperlipidemia, as evidenced by, inter alia, abnormally low levels of high density lipoproteins, and concluded that the statutory "heart presumption" that a police officer's heart disease was incurred in the performance of his or her duties (*see* Retirement and Social Security Law § 363-a [2]; *Matter of Walos v Regan*, 188 AD2d 822, 823) had been rebutted. Respondent adopted the Hearing Officer's findings and denied petitioner's application. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge respondent's determination.

We confirm. Because it is undisputed that petitioner suffers from coronary artery disease that has rendered him totally disabled, the only issue for our review is whether the statutory presumption was rebutted by competent evidence in the record. In our view, the unequivocal opinion of the Retirement System's expert that petitioner's "coronary atherosclerosis is not caused by his work, but is associated with his abnormal metabolic disorder" was sufficient to rebut the statutory presumption (*see Matter of Tucker v McCall*, 262 AD2d 916, 917; *compare Matter of Skae v Regan*, 208 AD2d 1028, 1029-1030). Further, although other medical opinions in the record could support a contrary conclusion, the Hearing Officer was entitled to resolve such conflicts in the medical evidence (*see Matter of Tucker v McCall, supra* at 917-918; *Matter of Ellison v Regan*, 189 AD2d 1076, *lv denied* 81 NY2d 709). We conclude, therefore, that respondent's determination to deny petitioner's application for performance of duty disability retirement benefits was supported by substantial evidence in the record.

Crew III, Spain, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.