■ In the Matter of JOHN C. PARCELL, Petitioner, v OFFICE OF NEW YORK STATE COMPTROLLER et al., Respondents. [813 NYS2d 827]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for performance of duty disability retirement benefits.

Petitioner, a correction officer, filed an application for performance of duty disability retirement benefits pursuant to Retirement and Social Security Law § 507-b. Petitioner alleged that he was permanently disabled as a result of coronary artery disease that he developed from sleep deprivation, chronic stress and exposure to second-hand smoke associated with his employment. Petitioner's application was denied on the ground that his disability was not the natural and proximate result of his duties as a correction officer, and petitioner thereafter sought a hearing and redetermination. Following hearings, the hearing officer affirmed the denial of benefits, and respondent Comptroller upheld the decision on administrative appeal. This CPLR article 78 proceeding by petitioner ensued.

It is undisputed that petitioner is permanently incapacitated from the performance of his duties as a result of his heart condition. Accordingly, he is entitled to the "heart presumption" contained in Retirement and Social Security Law § 507-b (c), which provides that "any condition of impairment of health caused by diseases of the heart, resulting in disability . . . shall be presumptive evidence that it was incurred in the performance and discharge of duty," and it is the burden of respondent New York State and Local Police and Fire Retirement System to rebut the presumption by way of "competent evidence."

Here, although the Retirement System's expert testified that petitioner exhibited some of the recognized risk factors for coronary artery disease, including his gender, a history of smoking,

elevated cholesterol levels and a sluggish thyroid, the expert unequivocally opined that these factors were not "primary causative agents" of the underlying arterial disease and he was unable to conclude with any degree of medical certainty that these risk factors were responsible for petitioner's disability. In fact, the expert opined that petitioner's cessation of smoking reduced his risk factor to that of a "never smoker" and, on the other hand, his consistent work-related exposure to second-hand smoke was a possible "causal factor" in the development of coronary artery disease. Moreover, the expert was unable to rule out petitioner's sleep deprivation due to working multiple shifts as a contributing cause of his condition. In light of the foregoing, the testimony offered by the Retirement System's expert was, at best, inconclusive and, in our view, insufficient to overcome the statutory presumption (*see Matter of Skae v Regan*, 208 AD2d 1028 [1994]; *Matter of Di Laura v Regan*, 189 AD2d 994 [1993]).

Mercure, J.P., Peters, Mugglin and Rose, JJ., concur. Adjudged that the determination is annulled, with costs, petition granted and matter remitted to respondent Comptroller for further proceedings not inconsistent with this Court's decision.