■ In the Matter of JAMES W. BRYANT, Petitioner, v ALAN G. HEVESI, as Comptroller of the State of New York, et al., Respondents. [838 NYS2d 228]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for performance of duty disability retirement benefits.

Petitioner experienced a mild heart attack as he was entering the prison where he was employed as a correction officer and was eventually diagnosed with atherosclerotic heart disease. As a result of this disabling condition, he applied for performance

of duty disability retirement benefits (*see* Retirement and Social Security Law § 507-b). Respondent Comptroller denied the application on the ground that petitioner's disability was not a natural and proximate result of his duties as a correction officer. Following a hearing, a Hearing Officer sustained the Comptroller's determination, finding that respondent New York State and Local Employees' Retirement System had successfully rebutted the statutory presumption in petitioner's favor (*see* Retirement and Social Security Law § 507-b [c]). The Comptroller's adoption of the Hearing Officer's findings prompted this CPLR article 78 proceeding which has since been transferred to this Court (*see* CPLR 7804 [g]).

Significantly, petitioner relies exclusively on the statutory presumption outlined under Retirement and Social Security Law § 507-b (c) to establish that his disability was incurred in the performance of his job duties.[1] The issue thus distills to whether the Retirement System rebutted this presumption with competent medical evidence (*see e.g. Matter of Flynn v Regan*, 178 AD2d 887, 889 [1991]). Upon our review of the record, we find that it was so rebutted. In particular, the expert testimony of the Retirement System's examining physician, coupled with petitioner's medical records themselves, constituted such competent medical evidence rebutting the presumption (*see e.g. Matter of Larberg v Hevesi*, 17 AD3d 979, 980-981 [2005], *lv denied* 5 NY3d 707 [2005]; *Matter of Flynn v Regan, supra*).

First, petitioner's medical records reveal that prior to suffering the heart attack at issue, he was morbidly obese, under the care of a physician and taking medication to address three distinct maladies, namely, high blood pressure, diabetes and high cholesterol. These conditions were each independently identified by his own treating physician as a "major risk factor" for heart disease. Petitioner's treating physician also testified that petitioner's excessive weight, which was as high as 290 pounds, was an additional minor risk factor for heart disease.[2] Furthermore, following his heart attack, petitioner underwent a series of four different cardiac catheterizations, but the atherosclerotic blockages in his coronary arteries kept reoccurring notwithstanding the fact that he was out of work during

---

**1.** It is undisputed that petitioner passed a physical examination with no findings of heart problems when he began his employment 20 years before his heart attack and that he is now permanently disabled from performing his duties as a result of his heart condition.

**2.** Of particular note, hospital records generated at the time of his heart attack reflect a clinical history of "hypertension, diabetes mellitus, hyperlipidemia, and heavy smoking in the past, all under *poor* control until recently" (emphasis added).

that entire time period.[3] Indeed, the Hearing Officer relied heavily on this latter factor in finding that petitioner was not entitled to performance of duty disability retirement benefits.

Moreover, the Retirement System's expert concluded in a written report "that there is no evidence to implicate [petitioner's] occupation as causally related to his current disabilities." This expert similarly testified at the hearing. In particular, he unequivocally opined that petitioner's heart disease was not caused by his job or job-related stress, but rather by his history of multiple, major risk factors (cf. *Matter of Parcell v Office of N.Y. State Comptroller*, 29 AD3d 1075 [2006]; *Matter of Skae v Regan*, 208 AD2d 1028, 1029 [1994]; *Matter of Di Laura v Regan*, 189 AD2d 994, 995-996 [1993]).[4]

We have previously confirmed determinations by the Comptroller denying performance of duty disability retirement benefits based upon expert testimony that the applicant's occupation did not have a "positive correlation" to coronary artery disease (*Matter of McComb v Regan*, 180 AD2d 862, 863 [1992]) or that "the stress of petitioner's duties was not the cause of his disability" (*Matter of Ellison v Regan*, 189 AD2d 1076, 1077 [1993], *lv denied* 81 NY2d 709 [1993]) or that the applicant's "coronary atherosclerosis is not caused by his work, but is associated with his abnormal metabolic disorder [high cholesterol]" (*Matter of Krupinski v McCall*, 302 AD2d 676, 677 [2003]). In short, the presumption is effectively rebutted when evidence of risk factors is coupled with expert testimony that excludes an applicant's employment as a causative factor (*see Matter of Larberg v Hevesi, supra*; *Matter of Krupinski v McCall, supra*; *Matter of Van Buren v Regan*, 196 AD2d 934, 934 [1993]; *Matter of Ellison v Regan, supra*; *Matter of Walos v Regan*, 188 AD2d 822, 823 [1992]; *Matter of McComb v Regan, supra*). There is no substantive difference between the expert opinions in these cases and the opinion in the case at bar that "there is no evidence to implicate [petitioner's] occupation as causally related to his current disabilities." This case is clearly distinguishable from those in which the expert's testimony is "inconclusive" (*Matter of Parcell v Office of N.Y. State Comptroller, supra* at 1076; *Matter of Skae v Regan, supra* at 1029; *Matter of Di Laura v Regan, supra* at 996).

---

**3.** Not surprisingly, petitioner's attorney chose not to ask petitioner's treating physician any questions on the critical issue of whether he had an opinion as to the cause of his heart attack as he had made a conscious decision to rely *exclusively* on the statutory presumption to establish that his disability was incurred in the performance of his job duties.

**4.** We are unpersuaded that concessions made by this expert during cross-examination concerning heart disease causation *generally* somehow rendered his otherwise adequate testimony inadequate.

Petitioner's remaining argument has been considered and found to be without merit.

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.