Spain, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner’s application for performance of duty disability retirement benefits.
Petitioner applied for performance of duty disability retirement benefits in February 2003 alleging that he was permanently incapacitated as the result of a heart attack he suffered approximately six months earlier. The New York State and Lo *1115 cal Employees’ Retirement System denied the application, finding that while petitioner indeed was permanently incapacitated from the performance of his duties, his disability was not sustained as a result of the discharge of his duties as a correction officer. Petitioner sought a hearing and redetermination, at the conclusion of which the Hearing Officer upheld the denial, concluding that the proof submitted by the Retirement System was sufficient to rebut the statutory “heart presumption” contained in Retirement and Social Security Law § 507-b (c). Respondent made supplemental findings but otherwise accepted the Hearing Officer’s conclusions, prompting petitioner to commence this proceeding pursuant to CPLR article 78 to challenge that determination.
Respondent does not dispute that petitioner successfully passed his preemployment physical or that he is now permanently disabled from performing his duties as a correction officer due to his heart attack and underlying coronary artery disease. Inasmuch as petitioner has elected to rely upon the statutory presumption contained in Retirement and Social Security Law § 507-b (c), the issue distills to whether the Retirement System rebutted this presumption with competent medical evidence. Based upon our review of the record as a whole, including petitioner’s personal and family medical history and the testimony of the Retirement System’s examining physician, we find that the presumption was effectively rebutted and, accordingly, petitioner’s application for benefits was properly denied (see Matter of Tucker v McCall, 262 AD2d 916, 917-918 [1999]; see also Matter of Bryant v Hevesi, 41 AD3d 930, 931 [2007]).
Petitioner testified that he suffered his heart attack while in his yard on the third or fourth day of a scheduled vacation. Petitioner also acknowledged that he was diagnosed with hypertension in the late 1980s and, at the time of his heart attack in August 2002, was taking medication for that condition. Additionally, petitioner conceded on cross-examination that his father, who apparently died from a stroke, had previously suffered a nonfatal heart attack. According to the board-certified cardiologist who examined petitioner on behalf of the Retirement System, petitioner’s identified risk factors, i.e., age, gender, hypertension and a family history of heart disease, played a significant role in the development of petitioner’s underlying coronary artery disease. In his opinion, it was this disease, of longstanding duration, “wholly unrelated” to petitioner’s employment as a correction officer, and not job-related stress, that set the stage for petitioner’s disabling condi *1116 tion. In our view, this testimony, coupled with petitioner’s medical records and the identified risk factors, was sufficient to rebut the statutory presumption (see Matter of Bryant v Hevesi, 41 AD3d at 932-933).
Mercure, J.E, Rose, Kane and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.