In the Matter of MICHAEL J. O'SULLIVAN, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [892 NYS2d 223]—

Peters, J.P.

In October 1999, petitioner, a firefighter, suffered hearing damage and tinnitus after the air horn of a fire engine was inadvertently discharged close to his right ear. He returned to

full duty within a month of the incident and continued to work in that capacity until May 2004, when he experienced severe chest pains while driving a fire truck in heavy traffic in response to an emergency. Diagnosed with atherosclerotic heart disease, he thereafter underwent quadruple bypass surgery.

In 2004, petitioner applied for accidental and performance of duty disability retirement benefits based on both incidents. The New York State and Local Police and Fire Retirement System denied the applications, finding that, while petitioner was permanently incapacitated from the performance of his duties, his disability was not a natural and proximate result of his duties as a firefighter. Petitioner sought a hearing and redetermination, at the conclusion of which the Hearing Officer upheld the denial of both applications.* Specifically, the Hearing Officer concluded that respondent successfully rebutted the statutory "heart presumption" that a firefighter's heart disease was incurred in the performance of his or her duties (see Retirement and Social Security Law § 363-a [1]). With respect to the October 1999 incident, the Hearing Officer found that petitioner's hearing was not so diminished as to preclude him from the full performance of his duties. Respondent accepted the Hearing Officer's conclusions and denied petitioner's applications, prompting petitioner to commence this proceeding challenging that determination.

First addressing petitioner's heart condition, there is no dispute that petitioner successfully passed his preemployment physical and that he is now permanently disabled from performing his duties as a firefighter due to his heart disease. Inasmuch as petitioner relies exclusively on the statutory heart presumption contained in Retirement and Social Security Law § 363-a (1), the only issue for our review is whether the Retirement System rebutted this presumption by competent medical evidence (see Matter of Lawless v DiNapoli, 56 AD3d 1114, 1115 [2008]; Matter of Bryant v Hevesi, 41 AD3d 930, 931 [2007]).

Petitioner, who presented no expert testimony of his own, argues that the expert testimony of Edward Brown, a board-certified cardiovascular disease specialist who examined petitioner on behalf of the Retirement System, was insufficient to overcome the statutory heart presumption. We do not agree. Brown diagnosed petitioner with atherosclerosis, a disease in which plaque gradually accumulates in the arteries of the heart and which can progress more rapidly when certain risk factors are present. He opined that petitioner's heart disease, which led

---

* During the hearing, petitioner withdrew his application for accidental disability retirement benefits as to the May 2004 incident.

to the chest pains he experienced in May 2004, was caused by the presence of multiple risk factors, including a family history of early heart disease, hypertension, elevated levels of cholesterol and heavy cigarette smoking. It was Brown's opinion that, within a reasonable degree of medical certainty, neither job-related stress, the performance of petitioner's duties as a firefighter, nor an incident in August 2002 where petitioner allegedly inhaled smoke while fighting a fire contributed to or caused his disability. Brown's testimony, coupled with petitioner's medical records and the identified risk factors, was sufficient to rebut the statutory presumption (see Matter of Lawless v DiNapoli, 56 AD3d at 1115-1116; Matter of Bryant v Hevesi, 41 AD3d at 932-933; Matter of Tucker v McCall, 262 AD2d 916, 917 [1999]; Matter of Inguaggiato v Regan, 193 AD2d 1045 [1993]; compare Matter of Skae v Regan, 208 AD2d 1028, 1029-1030 [1994]).

Petitioner also challenges the denial of his applications for retirement disability benefits related to his ear injury. Since respondent conceded that such injury was the result of an accident within the meaning of Retirement and Social Security Law § 363, the issue thus distills to whether substantial evidence supports the determination that petitioner's hearing impairment does not render him permanently incapacitated from performing his duties as a firefighter (see Matter of Mullins v New York State Comptroller, 49 AD3d 951, 951-952 [2008]; Matter of Zindell v Hevesi, 27 AD3d 996, 997 [2006]). Although petitioner testified that his ear injury rendered him unable to discern certain tones, especially in noisy situations, and affected his ability to drive a fire engine, hear the fire radio and perform at the scene of a fire, he failed to provide any additional evidence supporting these assertions, and it is undisputed that he returned to work within a month following the October 1999 incident and thereafter continued to work on full duty as a firefighter until the May 2004 incident. Moreover, the Retirement System proffered the report of an otolaryngologist who examined petitioner and reviewed two audiograms performed on petitioner shortly after the injury. In this report, the otolaryngologist opined that, although petitioner had "chronic high frequency hearing loss consistent with acoustic trauma," he had normal bilateral hearing and was able to hear adequately in normal speech frequencies. He concluded that petitioner is "able to communicate adequately to perform the duties of a [f]irefighter." As the otolaryngologist's report was "rational, articulate and founded upon a physical examination and review of prior medical [records]," it provided the requisite substantial evidence to support respondent's determination (Matter of

*Dymond v Hevesi*, 24 AD3d 938, 939 [2005]; *see Matter of Collins v DiNapoli*, 57 AD3d 1148, 1150 [2008]).

Spain, Lahtinen, Kane and Malone Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.