In the Matter of MICHAEL A. FELDON, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [894 NYS2d 179]—

Rose, J.

Petitioner, a correction officer employed by Nassau County, suffered from arteriosclerotic heart disease which required coronary artery bypass surgery. His application for performance of duty disability retirement benefits was denied on the ground that his disability did not arise from his work duties. Petitioner requested a hearing and redetermination, following which a Hearing Officer upheld the denial. In relevant part, respondent Comptroller accepted the Hearing Officer's findings and conclusions, and petitioner thereafter commenced this CPLR article 78 proceeding.

We confirm. Initially, petitioner contends that the Comptroller improperly relied upon the written report of a cardiologist, Rajoo Patel, retained by respondent New York State and Local Retirement System and who did not testify. Petitioner not only failed to object to the admission of that report, but affirmatively moved it into evidence over the Retirement System's objection and separately consented to its admission after becoming aware that Patel would not testify. As a result, petitioner waived any objection to the report's admission or consideration (*see Matter of Fratello [M & R Consumer Goods—Commissioner of Labor]*, 271 AD2d 880, 880 [2000]; *Matter of Johnsen v New York State Police & Fire Retirement Sys.*, 246 AD2d 784, 784-785 [1998], *lv denied* 91 NY2d 814 [1998]; *cf. Matter of Motta v New York State Policemen's & Firemen's Retirement Sys.*, 68 AD2d 994, 995 [1979]).

Turning to the merits, it is undisputed that petitioner is disabled from performing his duties as a correction officer. Petitioner relies upon the statutory presumption contained in Retirement and Social Security Law § 607-d to establish that

his disability arose as a result of his job duties.* The question, thus, is whether the Retirement System rebutted that presumption with competent medical evidence (*see Matter of Lawless v DiNapoli*, 56 AD3d 1114, 1115 [2008]; *Matter of Bryant v Hevesi*, 41 AD3d 930, 931 [2007]). Here, Patel unequivocally opined that petitioner's "cardiac condition is not related to his occupation" and that his weight, age and history of smoking, hypertension and high cholesterol were among the risk factors responsible. Indeed, petitioner's medical records disclose the existence of a number of those factors, and his own cardiologist admitted that they were applicable and relevant. This evidence was sufficient to rebut the statutory presumption and, as a result, the Comptroller appropriately denied petitioner's application (*see Matter of Bryant v Hevesi*, 41 AD3d at 932; *Matter of Krupinski v McCall*, 302 AD2d 676, 677 [2003]). Finally, petitioner's failure to raise any objection at the hearing to Patel's qualifications renders that issue unpreserved for our review (*see Matter of Adam v County of Onondaga*, 26 AD3d 618, 619 [2006]).

Mercure, J.P., Lahtinen, Malone Jr. and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* As required by that statute, a physical examination conducted upon petitioner when he began working as a correction officer disclosed no heart problems.