■ In the Matter of TIMOTHY P. MCAULIFFE, Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, Respondent. [921 NYS2d 413]—

Kavanagh, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court,

entered in Albany County) to review a determination of respondent which, among other things, denied petitioner's application for performance of duty disability retirement benefits.

Petitioner was employed as a criminal investigator for the Westchester County District Attorney. He suffered a myocardial infarction in 1997 and, as is relevant here, applied for performance of duty disability retirement benefits in 2006 (see Retirement and Social Security Law §§ 63-e, 63-f). The New York State and Local Employees' Retirement System denied the application, finding that petitioner was permanently incapacitated from performing his duties, but that his disability was not a natural and proximate result of them. Petitioner sought a hearing and redetermination, following which a Hearing Officer agreed with the Retirement System. Respondent adopted the Hearing Officer's findings and denied petitioner's application, and this CPLR article 78 proceeding ensued.

The parties do not dispute that petitioner has a heart condition that permanently incapacitates him from performing his duties, and petitioner relies upon the statutory presumption contained in Retirement and Social Security Law § 63-f to establish that the disability arose from his job duties. Accordingly, the sole issue before us is whether the Retirement System rebutted that presumption by competent medical evidence (see Matter of Rivera v DiNapoli, 78 AD3d 1295, 1296 [2010]; Matter of Feldon v New York State Comptroller, 69 AD3d 1092, 1092-1093 [2010], lv denied 15 NY3d 702 [2010]). In that regard, the Retirement System offered the report of Richard Cantor, a physician who examined petitioner and reviewed his medical records. Cantor acknowledged that petitioner's 1997 myocardial infarction could have been caused by an incident wherein a large dog unexpectedly jumped on him while working. However, Cantor opined that petitioner's disability did not arise from the myocardial infarction, but rather from coronary artery disease that was entirely attributable to his history of cigarette smoking. Notwithstanding evidence in the record that could justify a different result, Cantor's rational and fact-based opinion provided substantial evidence to support respondent's determination that the heart presumption had been rebutted (see Matter of Tucker v McCall, 262 AD2d 916, 917-918 [1999]; Matter of McComb v Regan, 180 AD2d 862, 863 [1992]; Matter of Nerney v New York State Policemen's & Firemen's Retirement Sys., 156 AD2d 775, 775-776 [1989], lv denied 75 NY2d 710 [1990]).

Spain, J.P., Lahtinen, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.