■ In the Matter of PAUL S. BARON, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [924 NYS2d 190]—

·Egan Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for performance of duty disability retirement benefits.

Petitioner, a correction officer, was diagnosed with coronary heart disease in 2006 and applied for performance of duty dis-

ability retirement benefits. The application was initially denied on the ground that petitioner's disability was not sustained as the result of his work duties. Petitioner sought a rehearing and redetermination, at the conclusion of which the Hearing Officer upheld the denial, finding that respondent New York State and Local Employees' Retirement System had successfully rebutted the statutory "heart presumption" contained in Retirement and Social Security Law § 607-d. Respondent Comptroller accepted the Hearing Officer's determination, prompting petitioner to commence this CPLR article 78 proceeding.

It is undisputed that petitioner successfully passed his preemployment physical and is now permanently disabled from performing his duties as a correction officer due to heart disease. Inasmuch as petitioner relies upon the statutory presumption that his disability incurred in the performance of his duties as a correction officer contained in Retirement and Social Security Law § 607-d, it was the Retirement System's obligation to rebut the presumption with competent medical evidence (see Matter of Feldon v New York State Comptroller, 69 AD3d 1092, 1093 [2010], lv denied 15 NY3d 702 [2010]). To that end, the Retirement System presented the report and testimony of cardiologist Richard Joseph, who examined petitioner on its behalf. Based upon his examination of petitioner and a review of his pertinent medical records, Joseph found that petitioner suffered from several risk factors associated with heart disease, including elevated cholesterol, heart palpitations, hypertension and being overweight. Joseph opined that it was these risk factors, and not the discharge of petitioner's duties as a correction officer, that caused petitioner's heart disease.

While Joseph did concede that certain factors that petitioner contends were related to his work duties—exposure to viruses, secondhand smoke and a high-fat diet—could contribute to heart disease in general, he found no evidence that petitioner's condition was viral nor could he differentiate any exposure to secondhand smoke or fatty foods petitioner may have suffered outside of work as compared to any alleged exposure at his workplace. In our view, Joseph's opinion, coupled with the identified risk factors, constitutes competent evidence rebutting the statutory presumption and petitioner's application for benefits was properly denied (see id.; Matter of O'Sullivan v DiNapoli, 68 AD3d 1416, 1417-1418 [2009]; Matter of Bryant v Hevesi, 41 AD3d 930, 931-932 [2007]).

Rose, J.P., Malone Jr., McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.