■ In the Matter of RONNI TORTORELLO, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, et al., Respondents. [730 NYS2d 569] —Mercure, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental death benefits.

Petitioner's husband, who was employed as a lieutenant in the Rockland County Sheriff's Department, collapsed at home after jogging earlier in the day and was pronounced dead at a hospital emergency room. The cause of death was listed as coronary occlusion due to coronary atherosclerosis and thrombosis, with a prior myocardial infarction listed as a contributing condition. Concluding that decedent had not sustained an accident in service on the date of his death, respondent Comptroller (hereinafter respondent) denied petitioner's application for an accidental death benefit.

Relying on the relevant statutory "heart presumption," petitioner contends that respondent's determination is not supported by substantial evidence. We disagree. Pursuant to Retirement and Social Security Law § 509 (a) (1), petitioner was entitled to an accidental death benefit only if decedent's death was "the natural and proximate result of an accident sustained in the performance of duty *in the service upon which membership was based*" (emphasis supplied). Retirement and Social Security Law § 557 provides that "any condition of impairment of health caused by diseases of the heart, resulting in disability or death to a member shall be presumptive evidence that it was incurred in the performance and discharge of duty and the natural and proximate result of an accident, unless the contrary be proved by competent evidence."* Respondent concedes that the presumption is applicable in this case. However, relying on the fact that decedent's death occurred at home on his day off after jogging, respondent concluded that decedent did not sustain an accident in service.

In contrast to *Matter of Walos v Regan* (188 AD2d 822), upon which respondent relies, and other similar cases (*see, Matter of Daly v Regan*, 97 AD2d 575, *lv denied* 61 NY2d 602; *see also, Matter of Flynn v Regan*, 178 AD2d 887; *Matter of Nerney v New York State Policemen's & Firemen's Retirement Sys.*, 156 AD2d 775, *lv denied* 75 NY2d 710), neither petitioner's application nor the medical evidence identified any particular incident as a possible cause of decedent's coronary occlusion. Nevertheless, in these circumstances, and because it is not necessary that all possible accidental causes be disproved in order to rebut the statutory presumption (*see, Matter of Nerney v New York State Policemen's & Firemen's Retirement Sys., supra*, at 776), respondent could rationally focus on the day of decedent's fatal cardiac event as the date of the presumptive accident. That day was a scheduled day off for decedent and

---

* In identical language, Retirement and Social Security Law § 363-a (1) provides a "heart presumption" for firefighters.

there is no evidence that he actually performed any of his police duties that day. Accordingly, respondent could rationally conclude that decedent did not sustain an accident in service on that day. In so concluding, respondent has interpreted the "in service" requirement for an accidental death benefit as the equivalent of the "in service" requirement for accidental disability benefits (*see, e.g., Matter of Curtis v New York State Comptroller*, 281 AD2d 780; *Matter of Cossifos v New York State & Local Employees' Retirement Sys.*, 275 AD2d 879) and we see no basis to disturb that interpretation (*see, Matter of Sorli v Levitt*, 77 AD2d 773, *appeal dismissed* 52 NY2d 897).

Petitioner's claim that the stress of decedent's duties caused or contributed to his disease of the heart and resulting coronary occlusion is unsupported by any medical evidence in the record. In any event, risks inherent in decedent's routine police duties are not accidental in nature (*see, Matter of Daly v Regan, supra*, at 576).

Peters, Spain, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

