*993 OPINION OF THE COURT
George B. Ceresia, Jr., J.
The petitioner Philip Warshawsky commenced the above-captioned CPLR article 78 proceeding for review of a determination by the New York State and Local Employees’ Retirement System denying him unified court officers (UCO) accidental disability retirement benefits. Respondents Thomas P DiNapoli, New York State Comptroller, and the New York State and Local Employees’ Retirement System (hereinafter the Retirement System) oppose the petition, seeking its dismissal.[1]
Petitioner began his employment with the New York State court system in November 1979. Prior to such employment, petitioner underwent a physical examination, which did not reveal any signs of heart disease. In 1996, petitioner suffered a heart attack while at work, and, after a four-month recovery period following bypass surgery, petitioner returned to work. By 1998, petitioner had been promoted to rank of sergeant.
Following the tragic events of September 11, 2001, petitioner avers in the petition that his duties became increasingly stressful, especially since his command at 100 Centre Street was approximately eight blocks from the World Trade Center site and he was working additional shifts. On January 5, 2003, petitioner suffered a second heart attack, after which he never returned to work.
On January 23, 2003, petitioner submitted an application for accidental disability retirement benefits to the Retirement System. Although the application form used by petitioner was labeled “Application for 605A Accidental Disability [Available for Uniformed Court Officers],” petitioner marked through 605A and wrote in “605B” and also noted “Heart Bill” on the application. He stated that he was “permanently disabled because of heart disease, prior heart attack” (application form 1i 13 [executed Jan. 15, 2003], petition, exhibit A).
Thereafter, the Retirement System denied the application in a determination that provided:
“It is hereby found that the incidents alleged to have occurred on 03/06/96 and 01/05/03 do not constitute an ‘accident’ as this term is used in Section 605-a of the Retirement and Social Security Law.
*994 “It is further found that the alleged accident on 01/ 05/03 was not caused by nor did it occur during the course of the applicant’s duties.
“It is hereby determined and directed that the application for UCO Disability Retirement be and the same is hereby denied” (determination [dated Dec. 24, 2003], petition, exhibit C).
Petitioner then requested an administrative hearing, which took place on March 29, 2006 and February 28, 2007.
At that hearing, the Retirement System took the position and submitted evidence that an applicant, such as petitioner, seeking benefits pursuant to Retirement and Social Security Law § 605-b had to allege an incident or incidents constituting an accident. In other words, the Retirement System argued that section 605-b had to be read in conjunction with section 605-a, which requires an accident be shown before a petitioner is entitled to accident benefits. Petitioner argued that he was entitled to the statutory presumption of accidental causation afforded under section 605-b.
On July 6, 2007, the hearing officer issued his decision, in which he noted:
“In his memorandum, the applicant has argued in some detail that the statutory presumptions set forth in Section 605-b of the RSSL [Retirement and Social Security Law] due to heart disease qualifies him for Accidental Disability Retirement benefits without the need to submit notice of an accident, description of an injury and permanent disability, while the Retirement System contends that the threshold provisions, i.e. proper notice of permanent incapacitation and injuries incurred through an accident in the performance of duty as required by Section 605-a must first be met prior to any consideration of the statutory presumption set forth under Section 605-b, particularly since there are no provisions in Section 605-b that deal with pension or death benefits” (decision and conclusions of law 11 8 [dated July 6, 2007], petition, exhibit F).
The hearing officer concluded that “Section 605-b does not waive the requirement of the filing of a detailed notice of an incident which constitutes an accident, the nature and extent of the injury sustained in the performance of duty, and the alleged permanent disability of the applicant which are required under Section 605-a” (id. 1Í10). The hearing officer further concluded *995 “that the applicant has failed to prove that his heart condition was the result of an accident, that the incidents of 3/6/96 and 1/5/03 constituted an accident, and that he suffered injuries resulting in permanent disabling heart disease” (id. 1i 12), denying the petitioner’s application (see id. 1i 14). On December 26, 2007, the Retirement System accepted the hearing officer’s findings and conclusions and denied the petitioner’s application for UCO accidental disability retirement benefits (see determination [dated Dec. 26, 2007], petition, exhibit H).
The petitioner commenced this instant proceeding for review of that determination. In this proceeding, the petitioner argues that the Retirement System’s interpretation of Retirement and Social Security Law § 605-b renders the statute meaningless. In response, the Retirement System argues, inter alla, that its interpretation of section 605-b is entitled to deference and, even if the court accepts the petitioner’s interpretation of that statute, the petition should be dismissed since the petitioner failed to give proper notice as required by section 605-a.
As with any CPLR article 78 proceeding seeking review of an administrative determination, such as here, where the petition does not raise a substantial evidence issue, a court’s inquiry is “limited to whether the denial of petitioner’s application was arbitrary, and capricious or affected by error of law” (Matter of Senior Care Servs., Inc. v New York State Dept, of Health, 46 AD3d 962, 965 [3d Dept 2007]; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]; Matter of Kirmayer v State of N.Y. Civ. Serv. Cornmn., 42 AD3d 848, 850 [3d Dept 2007], appeal dismissed 9 NY3d 955 [2007], quoting Matter of Fortune v State of N.Y., Div. of State Police, 293 AD2d 154, 157 [3d Dept 2002]). Further, a court “may not substitute its judgment” for that of the agency or second guess its determination where such a determination “is neither irrational nor arbitrary and capricious” (Matter of Sacandaga Park Civic Assn, v Zoning Bd. of Appeals of Town of Northampton, 296 AD2d 807, 809 [3d Dept 2002]; see Matter of Anderson v Lenz, 27 AD3d 942, 943-945 [3d Dept 2006], lv denied 7 NY3d 702 [2006]; Matter of Fortune, 293 AD2d at 157).
The resolution of this proceeding turns on the interpretation of Retirement and Social Security Law § 605-b. Petitioner argues that, when applying the plain meaning doctrine to the language of section 605-b, the statute clearly and unambiguously provides that a uniformed court officer who is disabled as *996 a result of heart disease has a presumption that such disability occurred during the performance of duty and was the proximate result of an accident. Thus, petitioner argues that he had no need to prove an accident as required by Retirement and Social Security Law § 605-a. On the other hand, respondents argue that, to get the benefit of section 605-b, petitioner had to first show that his alleged heart condition was the result of an accident as provided for in section 605-a.
Section 605-b provides:
“Notwithstanding any provision of this chapter or of any general, special or local law to the contrary, any member who is a uniformed court officer or peace officer in the unified court system who contracts any condition of impairment of health caused by diseases of the heart, resulting in disability or death to such court officer or peace officer, presently employed, and who shall have sustained such disability while so employed, shall be presumptive evidence that such disability was incurred in the performance and discharge of duty and the natural and proximate result of an accident, unless the contrary be proved by competent evidence; provided, however, that prior to entry into service, such member successfully passed a physical examination which failed to disclose evidence of any disease or other impairment of the heart.”[2]
This bill is similar to other bills — commonly called “heart bills” — providing disability benefits to certain municipal or state employees whose job-related stresses place them at greater risk of suffering from a heart-related disease (see generally Matter of Sutka v Conners, 73 NY2d 395 [1989]; Uniformed Firefighters Assn., Local 94, IAFF, AFL-CIO v Beekman, 52 NY2d 463 [1981]). As specifically related to section 605-b, the legislative history explains the purpose of the bill as follows:
“This bill would amend the Retirement and Social Security Law by adding a ‘heart bill’ provision for uniformed court officers of the unified court system. Any officer who contracts any condition of impairment of health caused by diseases of the heart, *997 resulting in disability or death to such officer who is presently employed and sustained the disability while so employed in the performance or discharge of such duty shall receive a benefit of 75% of their final average salary less workers compensation benefits” (Assembly Mem in Support of L 2002, ch 657, 2002 McKinney’s Session Laws of NY, at 2120; Kalmus affirmation, exhibit K).
Thus, in reading the plain language of section 605-b and in reviewing the legislative history behind it, the legislature expressly provided a presumption to a uniformed court officer, such as petitioner, that, if that officer suffers from heart disease while employed by the unified court system, such disability is job related and the result of an accident (see id.; accord Uniformed Firefighters Assn., Local 94, IAFF, AFL-CIO, 52 NY2d at 471-472).
Uniformed Firefighters Assn., Local 94, IAFF, AFL-CIO v Beekman (52 NY2d 463 [1981], supra) offers further support for this interpretation of section 605-b. In that matter, the Court of Appeals addressed
“whether section 207-k of the General Municipal Law, often called the ‘heart bill,’ establishes a presumption that a disabling or fatal heart condition suffered by a New York City policeman or fireman was accidentally sustained as a result of his employment which, if not rebutted by contrary proof, entitles the employee or his family to accidental, line-of-duty pension or death benefits” (id. at 467).
The municipality in that matter argued that, for the firefighter to qualify for the benefits provided under section 207-k, he had to “affirmatively prove that the heart condition which caused the disability or death was the result of a particular accident occurring at a specific time and place” (id.). In rejecting this argument, the Court of Appeals first explained that police organizations had argued for a presumption of accidental causation in a “heart bill” because the requirement to show that a heart condition arose as a result of a specific accident was “unrealistic, if not impossible” (id. at 468). Further, relying on the legislative history for section 207-k, the Court of Appeals explained:
“As noted, the theory behind the bill, as outlined by its proponents, is not only that heart conditions are an occupational hazard for police officers and firemen, but also that this is a unique condition which *998 generally is not the result of any particular incident but involves a gradual and progressive degeneration as a result of the continuous stress and strain of the job. The practical application of the statute by the boards shows that they understood it to have the effect of dispensing with the need for heart disability applicants to point to particular accidents as the cause of the condition” (id. at 471-472).
Further, in Uniformed Firefighters Assn., Local 94, IAFF, AFL-CIO, the Court of Appeals held that section 207-k should be interpreted as creating “a presumption that a disabling or fatal heart condition suffered by a New York City police officer or fireman was accidentally sustained as a result of his employment if not rebutted by contrary proof” (id. at 472-473). Significantly, the Court of Appeals came to this conclusion even though section 207-k, as opposed to the statute at issue in this proceeding, did not expressly state that an accidental cause presumption applied (see id. at 472 n 2 [noting that other heart bill statutes expressly provide for such an express presumption]).
In applying the reasoning of Uniformed Firefighters Assn., Local 94, IAFF, AFL-CIO here, section 605-b expressly provides that a heart condition is presumed to be due to accidental causes, rendering proof of a specific accident unnecessary (accord id.). Further, in so holding, the court rejects respondents’ contention that the Retirement System’s interpretation of section 605-b should be afforded deference. Settled law holds: *999 Since the matter before the court was a question of pure statutory reading and analysis, the court has no basis to rely on the Retirement System’s expertise in interpreting section 605-b (see Kurcsics, 49 NY2d at 459).
*998 “Where the interpretation of a statute or its application involves knowledge and understanding of underlying operational practices or entails an evaluation of factual data and inferences to be drawn therefrom, the courts regularly defer to the governmental agency charged with the responsibility for administration of the statute. If its interpretation is not irrational or unreasonable, it will be upheld. Where, however, the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency” (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459 [1980] [citations omitted]; see Doctors Council v New York City Employees’ Retirement Sys., 71 NY2d 669, 675 [1988]).
*999 Furthermore, the court rejects respondents’ argument that the Retirement System either had no need to rebut or did rebut the statutory presumption of accidental causation. When petitioner stipulated that the alleged disabling event was not the result of an “accident,” he was not forgoing the statutory presumption of accidental causation. Rather, he was relying on that presumption to argue that he had no need to prove a particular accident occurring at a specific time and place. To reiterate the Court of Appeals reasoning in Uniformed Firefighters Assn., Local 94, IAFF, AFL-CIO, it would be virtually impossible for petitioner to point to one date as the date of “accident” that caused his heart disease since such a condition arises gradually over time (see 52 NY2d at 471-472). The burden still rested with the Retirement System to rebut the statutory presumption.
Moreover, the court rejects respondents’ alternative argument that petitioner failed to give the Retirement System notice of the accident pursuant to section 605-a of the Retirement and Social Security Law. The record shows that petitioner attempted to give respondents notice of his application for accidental disability by using the only form provided by the Retirement System and noting on that form he was claiming benefits under the heart bill due to heart disease. In addition, he provided such notice approximately 22 days after he suffered his second heart attack — the heart attack which has allegedly rendered him permanently disabled.
For the reasons discussed above, the court also rejects respondents’ argument that petitioner failed to provide notice of where the accident occurred and the particulars thereof. While this may well be a requirement under section 605-a, this argument ignores the plain language of section 605-b that states, “Notwithstanding any provision of this chapter or of any general, special or local law to the contrary.” Therefore, since under section 605-b petitioner’s heart condition is presumed to have been caused by an accident, notice of a specific accident is not required nor, as discussed above, even feasible. As previously discussed, petitioner did give notice of his heart condition and the dates of his admission to the hospital for both of the heart attacks he suffered. Moreover, the record reveals that *1000 petitioner has been seen for a disability retirement evaluation upon the referral of Joseph T. Lennon, secretary of the Medical Board, New York State and Local Employees’ Retirement System (see petition, exhibit B).
Thus, here, respondents’ determination denying petitioner’s application for section 605-b benefits is irrational, arbitrary and capricious and is affected by an error of law since that determination improperly interpreted Retirement and Social Security Law § 605-b (see Matter of De Novio v County of Schenectady, 293 AD2d 101, 105 [3d Dept 2002], lv denied 98 NY2d 607 [2002]). Accordingly, that determination is annulled since respondents improperly required petitioner to show an accidental causation of the heart disease instead of affording him the benefit of the presumption that the heart disease arose from an accidental cause. However, the court will remit this matter to the Retirement System for further proceedings not inconsistent with the court’s decision.
The court has considered the parties’ remaining arguments and finds them either without merit or unnecessary to reach given this court’s determination.
Accordingly, it is ordered and adjudged that the petition is granted to the extent that the determination is annulled and the matter is remitted to respondent New York State and Local Employees’ Retirement System for further proceedings not inconsistent with this court’s decision.

. Although a hearing was held in this matter, petitioner does not raise a substantial evidence issue to warrant transfer to the Appellate Division, Third Department (see CPLR 7804 [g]).

. Due to an apparent drafting error, two sections of the Retirement and Social Security Law are designated section 605-b — one entitled “Accidental disability retirement for New York city uniformed sanitation members” and the section at issue in this proceeding, “Uniformed court officers and peace officers; certain disabilities.”