■ In the Matter of PHILIP WARSHAWSKY, Respondent, v THOMAS P. DiNAPOLI, as State Comptroller, et al., Appellants. [901 NYS2d 415]—

Garry, J. Appeal from a judgment of the Supreme Court (Ceresia Jr., J.), entered January 28, 2009 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Comptroller denying petitioner accidental disability retirement benefits.

Before his employment as a court officer, petitioner underwent

a physical examination that revealed no evidence of heart problems. In 1996, he suffered a heart attack. He applied for accidental disability retirement benefits in 2003, immediately after a second heart attack. His application identified no specific incident as the causative event. Respondent New York State and *Local Retirement System* denied the application, finding, among other things, that petitioner's heart attacks did not constitute accidents. At the hearing requested by petitioner, he stipulated that his heart attacks were not accidents, arguing that Retirement and Social Security Law § 605-b* exempted him from identifying an accident as the cause of his disabling heart condition. The Hearing Officer denied the application, finding in relevant part that petitioner's heart condition was not the result of an accident. Respondent Comptroller accepted the Hearing Officer's findings and conclusions, and petitioner thereafter commenced this CPLR article 78 proceeding challenging the Comptroller's determination as an error of law. Supreme Court held that petitioner did not need to show that an accident had occurred, annulled the Comptroller's determination, and remitted the matter to the Retirement System. Respondents appeal.

Pursuant to Retirement and Social Security Law § 605-b, a showing that a court officer became disabled by heart disease while employed "shall be presumptive evidence that such disability was incurred in the performance and discharge of duty and the natural and proximate result of an accident, unless the contrary be proved by competent evidence." Respondents contend that this heart presumption provision does not relieve petitioner of the obligation of showing that a qualifying accident occurred (*see* Retirement and Social Security Law § 605-a). Instead, in respondents' view, the provision establishes a rebuttable presumption, applicable only to applicants who suffered qualifying accidents, that the accident caused the applicant's heart disability.

Although this is an issue of first impression relative to this particular statute, it must be analyzed in the context of precedent interpreting other substantially similar heart presumption enactments (*see e.g.* Retirement and Social Security Law §§ 363-a, 507-b [c]; *see also Matter of Sutka v Conners*, 73 NY2d 395, 403-404 [1989]). We have previously held that a similar heart presumption established by Retirement and Social Security Law § 363-a did not excuse an applicant seeking accidental disability

---

* There are two statutory sections identified as *Retirement and Social Security Law* § 605-b; the provision pertinent to this matter is entitled "Uniformed court officers and peace officers; certain disabilities."

retirement benefits from showing that a qualifying accident occurred (*see Matter of Weiss v Levitt*, 55 AD2d 724, 725 [1976], *lv denied* 42 NY2d 802 [1977]). The underlying reasoning was that the presumption is not conclusive, but "may be rebutted by substantial evidence that the heart disability was not the result of an accident" (*id.*). The Retirement System has consistently required accidental death and disability applicants under heart presumption provisions in the Retirement and Social Security Law to show that a qualifying accident occurred, and we have upheld that requirement (*see e.g. Matter of Tortorello v McCall*, 286 AD2d 841, 842-843 [2001], *lv denied* 97 NY2d 607 [2001]; *Matter of Walos v Regan*, 188 AD2d 822, 823 [1992]; *Matter of Daly v Regan*, 97 AD2d 575, 575 [1983], *lv denied* 61 NY2d 602 [1984]).

Supreme Court relied in its determination upon *Uniformed Firefighters Assn., Local 94, IAFF, AFL-CIO v Beekman* (52 NY2d 463, 472-473 [1981]), in which the Court of Appeals found that, under General Municipal Law § 207-k, New York City police officers and firefighters applying for accidental line-of-duty and death benefits were not required to prove that their heart disabilities were caused by accidents. However, the Court based this holding on the long-standing practice of New York City pension fund trustees of granting accidental disability benefits in heart cases without requiring proof of an accident, finding that the Legislature was aware of this practice and that its repeated reenactment of General Municipal Law § 207-k without change "must be deemed to have accepted [this] interpretation" (52 NY2d at 472). As the Court specifically recognized, the Legislature took a different approach with regard to heart presumption legislation under the Retirement and Social Security Law affecting law enforcement officers employed outside New York City (*id.*).

Here, in clear contrast to the circumstances described in *Beekman*, the Legislature is aware of the prior legal interpretations of heart presumptions in the Retirement and Social Security Law and of respondents' practice of requiring applicants for accidental disability benefits under such presumptions to show that a qualifying accident occurred. Proposed legislation to eliminate this requirement has repeatedly been approved by the Legislature and, just as repeatedly, vetoed by the Governor (*see e.g.* Governor's Mem, Vetoes 72, 83 of 2008, vetoing 2008 NY Senate Bills S6703, S8429, 2008 NY Legis Ann, at 511-512; Governor's Mem, Veto 138 of 2007, vetoing 2007 NY Senate-Assembly Bill S3089, A7565, 2007 NY Legis Ann, at 544-545; Governor's Mem, Veto 381 of 2006, vetoing 2006 NY Senate Bill

S6961, 2006 NY Legis Ann, at 531-532). Meanwhile, the existing heart presumption provisions in the Retirement and Social Security Law have regularly been reenacted (*see e.g.* L 2002, ch 357, § 4, reenacting Retirement and Social Security Law § 363-a).

Nothing in the legislative history of Retirement and Social Security Law § 605-b indicates an intent to distinguish its application from that of other similar enactments; on the contrary, the bill's sponsors indicated that the provision was intended to provide uniformed court officers with "the same benefits" furnished to other uniformed officers (Sponsor's Mem in Support of L 2002, ch 657, 2002 NY Legis Ann, at 375). Indeed, when Retirement and Social Security Law § 605-b was amended in 2004, the bill included a fiscal note (*see* Legislative Law § 50) stating that "[t]he presumption would help individuals *who sustained a job related accident* establish that their heart disability is the natural and proximate result of such accident . . . We anticipate that very few members would receive increased benefits under this proposal, *since the member would have to prove that such heart related disability was the result of an accident*" (Fiscal Note, L 2004, ch 735 [emphasis added]).

We note that Supreme Court performed a sound analysis of the statutory language, applying established principles of construction. Nonetheless, precedent and the legislative history require this Court to hold that Retirement and Social Security Law § 605-b does not excuse applicants for accidental disability retirement benefits who are disabled by heart disease from demonstrating that a qualifying accident occurred.

Peters, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed. **[Prior Case History: 22 Misc 3d 992.]**