Matter of Lopez v DiNapoli (2025 NY Slip Op 05130)

Matter of Lopez v DiNapoli

2025 NY Slip Op 05130

Decided on September 25, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 25, 2025

CV-23-2026
[*1]In the Matter of Israel S. Lopez, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:September 2, 2025

Before:Garry, P.J., Pritzker, McShan, Powers and Mackey, JJ.

Schwab & Gasparini, PLLC, Albany (James A. Resila of counsel), for petitioner.
Letitia James, Attorney General, Albany (Alexandria Twinem of counsel), for respondent.

McShan, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
In April 2021, petitioner filed an application for accidental disability retirement benefits contending that he was permanently incapacitated from the performance of his duties as the result of an incident that occurred in January 2015. At the time of the incident, petitioner was a police detective assigned to an executive protection detail. In that capacity, petitioner would provide security services for high-ranking municipal officials. The New York State and Local Police and Fire Retirement System denied the application upon the ground that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363. Following a hearing and redetermination in November 2022,[FN1] the Hearing Officer upheld the denial and, upon administrative review, respondent affirmed. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge respondent's determination.
We confirm. "As the applicant, petitioner bore the burden of establishing that his disability arose from an accident within the meaning of the Retirement and Social Security Law, and respondent's determination in this regard will be upheld if supported by substantial evidence" (Matter of Hamblin v DiNapoli, 229 AD3d 922, 923 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Cuppek v DiNapoli, 238 AD3d 1238, 1238 [3d Dept 2025]; Matter of Croly v New York State Comptroller, 236 AD3d 1277, 1277-1278 [3d Dept 2025]). "An accident in this context means a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Stefanik v Gardner, 236 AD3d 75, 80 [3d Dept 2025] [internal quotation marks and citations omitted]; see Matter of Buonora v Gardner, 235 AD3d 1056, 1057 [3d Dept 2025], lv denied 43 NY3d 907 [2025]; Matter of Buddenhagen v DiNapoli, 224 AD3d 1061, 1062 [3d Dept 2024]). "Thus, an injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (Matter of McQuade v New York State Comptroller, 236 AD3d 1290, 1291 [3d Dept 2025] [internal quotation marks and citations omitted]; see Matter of Croly v New York State Comptroller, 236 AD3d at 1278; Matter of Hamblin v DiNapoli, 229 AD3d at 923).
Petitioner testified that, on the day in question, he was assigned to the executive protection detail and, in that capacity, had transported a county executive to various meetings. At the end of the day, petitioner returned the departmental vehicle he was using to the employer's parking lot and, as he exited the vehicle, he experienced chest pains. Petitioner reported this incident to his supervisor [*2]and drove himself to a local emergency room, where he was evaluated and discharged with a diagnosis of chest pain and palpitations. Petitioner, who had been diagnosed with sarcoidosis in 2015, testified that he subsequently was diagnosed with cardiac sarcoidosis in 2021.
When questioned regarding his activities on the day in question, petitioner testified that he did not recall anything significant occurring, and the record fails to disclose that petitioner engaged in any particularly stressful or strenuous activity prior to exiting his vehicle. To the extent that petitioner suggests that the chest pain he experienced — in and of itself — was sudden and unexpected and, hence, qualified as a precipitating accidental event, we disagree (cf. Matter of Warshawsky v DiNapoli, 73 AD3d 1357, 1360 [3d Dept 2010]). Further, "the risks associated with exiting a police car are inherent in the performance of [petitioner's] routine duties, and petitioner has offered no evidence indicating that his exit was accompanied by anything out of the ordinary" (Matter of Ashley v DiNapoli, 97 AD3d 1057, 1058 [3d Dept 2012] [internal quotation marks and citation omitted]). Under these circumstances, respondent's determination denying petitioner's application for accidental disability retirement benefits will not be disturbed (see id.; see generally Matter of Hamblin v DiNapoli, 229 AD3d at 923-924; Matter of Bornholz v DiNapoli, 225 AD3d 1079, 1081-1082 [3d Dept 2024]). Petitioner's remaining arguments on this point, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Pritzker, Powers and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: At the time of the hearing, petitioner was working for the employer as a tactical flight officer.