In the Matter of STEPHEN M. LARBERG, Petitioner, v ALAN G. HEVESI, as State Comptroller, et al., Respondents. [793 NYS2d 645]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court,

entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for performance of duty and accidental disability retirement benefits.

In January 1995, shortly after beginning his shift, petitioner, a police officer, presented himself for emergency hospital care complaining that he had begun experiencing chest palpitations, shortness of breath and swelling in his abdomen and lower extremities. Petitioner was diagnosed with, among other things, congestive heart failure. Petitioner eventually returned to full duty in February 1995, but ceased working in December 2000 after a police surgeon found him to be unfit for the duties of his employment.

In 2001, petitioner applied for performance of duty and accidental disability retirement benefits pursuant to Retirement and Social Security Law §§ 363-c, 363. Following the disapproval of his applications and a subsequent hearing, the Hearing Officer denied the applications. Respondent Comptroller adopted the Hearing Officer's findings, and this CPLR article 78 proceeding resulted. It is undisputed that petitioner is permanently incapacitated from the performance of his duties as a result of a heart condition known as dilated cardiomyopathy. As such, he is entitled to the "heart presumption" contained in Retirement and Social Security Law § 363-a (2), which provides that "any condition of impairment of health caused by diseases of the heart, resulting in disability . . . shall be presumptive evidence that it was incurred in the performance and discharge of duty." Once established, it became the burden of respondent New York State and Local Police and Fire Retirement System to rebut the presumption through "competent evidence" (Retirement and Social Security Law § 363-a [2]; *see Matter of Skae v Regan*, 208 AD2d 1028 [1994]).

Petitioner, who presented no expert testimony of his own, argues that the testimony of Robert Rattiner, a board-certified cardiologist who examined petitioner on behalf of the Retirement System and reviewed his medical history, was insufficient to overcome the statutory heart presumption. We cannot agree. Although Rattiner could not definitively rule out petitioner's claim that his cardiomyopathy stemmed from a virus acquired in the performance of his duties, he repeatedly opined that petitioner's illness did not arise from his employment but, rather, had developed gradually over a period of weeks or months prior to his January 1995 hospitalization and was likely aggravated by petitioner's morbid obesity and chronic, preexisting and poorly controlled atrial fibrillation.

As Rattiner's conclusions are supported by other evidence in

the record, including an emergency room history, petitioner's admissions that his symptoms had begun while on vacation in November 1994 and medical narratives indicating that petitioner's noncompliance with his treatment options were worsening his condition, we find that competent evidence exists in the record to rebut the statutory presumption (*see Matter of Krupinski v McCall*, 302 AD2d 676, 677 [2003]; *Matter of Van Buren v Regan*, 196 AD2d 934 [1993]). Finally, we find that substantial evidence supports the denial of petitioner's application for accidental disability retirement benefits, inasmuch as petitioner has offered no evidence that his disability was the proximate result of an accident as defined by Retirement and Social Security Law § 363 (*see Matter of Ellison v Regan*, 189 AD2d 1076, 1076 [1993], *lv denied* 81 NY2d 709 [1993]; *Matter of Walos v Regan*, 188 AD2d 822, 823 [1992]).

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.