■ In the Matter of JUAN C. RIVERA, Petitioner, v THOMAS P. DINAPOLI, as Comptroller of the State of New York, et al., Respondents. [911 NYS2d 206]—

Kavanagh, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for performance of duty disability retirement benefits.

Petitioner was a correction officer who, in 2004, suffered a myocardial infarction after falling ill while at work. When it was determined that he could not return to work on account of his resulting medical condition, petitioner applied for performance of duty disability retirement benefits (*see* Retirement and Social Security Law § 507-b [c]). Respondent New York State and Local Retirement System denied his application, concluding that, although he was permanently incapacitated, his disability "was not sustained as a result of the performance or discharge of his . . . duties." Following a hearing, a Hearing Officer agreed and concluded that petitioner was not entitled to performance of duty disability retirement benefits. After respondent Comptroller adopted the Hearing Officer's finding and denied petitioner's application for benefits, petitioner commenced this CPLR article 78 proceeding to annul that determination.

We confirm. Retirement and Social Security Law § 507-b (c)

provides that where an individual has "successfully passed a physical examination on entry into service as a correction officer" that did not reveal evidence of heart disease and later becomes disabled as the result of a heart condition sustained during employment, it is presumed that the disability was "incurred in the performance and discharge of duty, unless the contrary be proved by competent evidence." Here, it is not disputed that petitioner successfully passed his physical examination when he began his employment as a correction officer or that the myocardial infarction rendered him permanently incapacitated. Thus, it was the Retirement System's obligation to rebut the presumption that petitioner's disability occurred in the performance and discharge of his duties as a correction officer (see Matter of Bryant v Hevesi, 41 AD3d 930, 931 [2007]; Matter of Parcell v Office of N.Y. State Comptroller, 29 AD3d 1075, 1075 [2006]).

The Retirement System offered the opinion of a cardiologist who, after examining petitioner, concluded that while work-related stress "can aggravate the symptoms of coronary artery disease," petitioner's coronary artery disease "was not related to his employment as a correction officer." In reaching this conclusion, the cardiologist made reference to the fact that petitioner suffered from a variety of risk factors commonly associated with coronary heart disease, including hyperlipidemia (excessive amounts of fat and fatty substances in the blood), diabetes mellitus,[1] obesity and hypertension.[2] Moreover, contrary to petitioner's assertion, the cardiologist's failure to identify the precise cause of his heart disease did not render his opinion inconclusive (compare Matter of Parcell v Office of N.Y. State Comptroller, 29 AD3d at 1075-1076). Rather, as this Court previously held, "the [statutory] presumption is effectively rebutted when evidence of risk factors is coupled with expert testimony that excludes an applicant's employment as a causative factor" (Matter of Bryant v Hevesi, 41 AD3d at 932). For these reasons, and based upon our review of the record as a whole, we find that the presumption was effectively rebutted and, accordingly, petitioner's application for benefits was properly denied (see Matter of Lawless v DiNapoli, 56 AD3d 1114, 1115 [2008]).

Spain, J.P., Lahtinen, Stein and Garry, JJ., concur. Adjudged

1. While the cardiologist accurately stated that petitioner had insulin-dependent diabetes, the record establishes that he was not insulin-dependent at the time of his heart attack.

2. While the cardiologist's report contains inconsistent reference to hypertension, petitioner's medical records confirm that he has a history of this condition. Moreover, despite what was noted in that report, petitioner's medical records also reveal that he was a prior smoker.

that the determination is confirmed, without costs, and petition dismissed.