■ In the Matter of David Marinelli, Jr., Petitioner, v Thomas P. DiNapoli, as State Comptroller, Respondent. [917 NYS2d 763]—

McCarthy, J. 

Petitioner was employed as a police officer by the Town of Harrison Police Department in Westchester County when he was assigned to escort a religious dignitary's motorcade in April 2001. While awaiting the dignitary's arrival, he experienced chest and shoulder pain and otherwise felt ill. He declined medical attention and carried on to fulfill his escort responsibilities. When the symptoms did not resolve overnight, he went to the hospital and was diagnosed as having suffered a heart attack.

Approximately one year later, petitioner returned to work on desk duty, but he found it too stressful and ceased working in 2004. When his applications for accidental disability and performance of duty disability retirement benefits were disapproved, he requested a redetermination. After a hearing, a Hearing Officer denied his applications. Respondent thereafter adopted the Hearing Officer's findings and conclusions, prompting this CPLR article 78 proceeding.

Petitioner argues that he is entitled to disability retirement benefits because the New York State and Local Police and Fire Retirement System failed to rebut the statutory "heart presumption," which provides that "any condition of impairment of health caused by diseases of the heart, resulting in disability . . . shall be presumptive evidence that it was incurred in the performance and discharge of duty" (Retirement and Social Security Law § 363-a [2]). We do not agree. Respondent relied upon the report of physician Richard Cantor who, after examining petitioner and reviewing his medical records, opined that petitioner's "myocardial infarction in April of 2001 was not causally related to his standing by the thruway waiting to escort a car [but] rather due to his longstanding cigarette smoking and possible hyperlipidemia." Cantor's conclusion is amply supported by medical records, including some records that predate petitioner's April 2001 heart attack. Those records note petitioner's high cholesterol level and also describe medical procedures performed on him, such as the placement of stents, designed to address plaque buildup in his arteries. Cantor's opinion, together with the medical records, constitutes "competent evidence" rebutting the statutory presumption (Retire-

ment and Social Security Law § 363-a [2]; *see Matter of O'Sullivan v DiNapoli*, 68 AD3d 1416, 1417-1418 [2009]; *Matter of Bryant v Hevesi*, 41 AD3d 930, 932 [2007]; *Matter of Larberg v Hevesi*, 17 AD3d 979, 980-981 [2005], *lv denied* 5 NY3d 707 [2005]). To the extent that other record evidence could support a contrary conclusion, respondent was entitled to resolve such conflicts (*see Matter of Krupinski v McCall*, 302 AD2d 676, 677 [2003]). Accordingly, we find that respondent's determination to deny benefits was supported by substantial evidence.

Rose, J.P., Kavanagh and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.