In the Matter of DENNIS R. WALTERS, Petitioner, v THOMAS P. DiNAPOLI, as Comptroller of the State of New York, et al., Respondents. [919 NYS2d 555]—

Malone Jr., J.

Petitioner, a correction officer since 1985, applied for performance of duty disability retirement benefits, alleging that he was permanently disabled due to a cardiac condition that resulted in him suffering three heart attacks between 1994 and 2005. Respondent New York State and Local Retirement System denied his application, concluding that, although petitioner was permanently incapacitated, the disability did not result from the performance of his duties as a correction officer. Following a hearing, a Hearing Officer sustained the denial of benefits and respondent Comptroller adopted this finding. This CPLR article 78 proceeding by petitioner ensued.

It is uncontested that petitioner is permanently incapacitated from performing his duties as a correction officer as the result of a heart condition and that he successfully passed a physical examination upon entry into service which did not reveal evidence of a heart disease. Accordingly, he is entitled to the presumption that the disability incurred in the performance of his duties as a correction officer (*see* Retirement and Social Security Law § 507-b [c]). Inasmuch as petitioner relies on this statutory presumption, the issue here is whether the Retirement System rebutted the presumption by "competent evidence" (Retirement and Social Security Law § 507-b [c]).

Upon our review of the record, we find that the statutory presumption was rebutted. The Retirement System presented the medical report and opinion of its examining cardiologist, who, after examining petitioner and reviewing his relevant medical records, identified that petitioner "suffers from numerous cardiac risk factors, including obesity, hypertension, hyperlipidemia, and longstanding cigarette smoking." Further, the expert opined that these factors, as well as petitioner's positive family history for heart disease, "led to his coronary artery disease and progression." Regarding petitioner's occupation, the expert opined that petitioner's heart condition was not causally related to the performance of his work duties and, while acknowledging that any work-related stress suffered by petitioner may have exacerbated the symptoms of his coronary artery disease, such stress did not cause the disease. Inasmuch as the expert opined that petitioner's heart disease was not caused by his occupation or related stress, but rather by the existence of numerous cardiac risk factors unrelated to his job, we conclude that the presumption was satisfactorily rebutted (see *Matter of Rivera v DiNapoli*, 78 AD3d 1295, 1296 [2010]; *Matter of Lawless v DiNapoli*, 56 AD3d 1114, 1115-1116 [2008]; *Matter of Bryant v Hevesi*, 41 AD3d 930, 931-932 [2007]; *Matter of Krupinski v McCall*, 302 AD2d 676, 677 [2003]; cf. *Matter of Parcell v Office of N.Y. State Comptroller*, 29 AD3d 1075, 1075-1076 [2006]).

Petitioner's remaining arguments have been considered and found to be without merit.

Mercure, J.P., Rose, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.