In the Matter of WILLIAM B. WALSH, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [920 NYS2d 483]—

Kavanagh, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court,

entered in Albany County) to review a determination of respondent which denied petitioner's application for performance of duty disability retirement benefits.

Petitioner, a detective sergeant for the Village of Larchmont in Westchester County, applied for performance of duty disability retirement benefits, pursuant to Retirement and Social Security Law § 363-a, as a result of heart disease. Ultimately, respondent, relying on the findings and conclusions of the Hearing Officer, denied the application and petitioner commenced this CPLR article 78 proceeding.

There is no dispute that petitioner is permanently incapacitated from the performance of his duties as a result of his heart condition. Pursuant to Retirement and Social Security Law § 363-a (2), "any condition of impairment of health caused by diseases of the heart, resulting in disability . . . shall be presumptive evidence that it was incurred in the performance and discharge of duty" (*see Matter of Larberg v Hevesi*, 17 AD3d 979, 980 [2005], *lv denied* 5 NY3d 707 [2005]). Once the presumption is established, the New York State and Local Police and Fire Retirement System bears the burden of bringing forth competent evidence to rebut it (*see Matter of O'Sullivan v DiNapoli*, 68 AD3d 1416, 1417 [2009]; *Matter of Larberg v Hevesi*, 17 AD3d at 980). To successfully rebut the presumption, the Retirement System must present evidence of risk factors along with an expert opinion that " 'excludes an applicant's employment as a causative factor' " (*Matter of Rivera v DiNapoli*, 78 AD3d 1295, 1296 [2010], quoting *Matter of Bryant v Hevesi*, 41 AD3d 930, 932 [2007]).

Here, respondent relied upon the opinion of cardiologist Richard Joseph, who performed a disability retirement evaluation on petitioner. Initially, a May 2007 report by Joseph stated that petitioner's cardiac condition was 25% related to the physical and mental stress of his position as a police officer. When asked for clarification of his position, Joseph reaffirmed his belief in a September 2007 letter that petitioner's condition was 25% employment-related. While Joseph changed course during his May 2009 testimony and opined that employment-related stress was not directly related to petitioner's coronary disease, upon further questioning he admitted that psychological or physical stress may have contributed in some smaller way to petitioner's predisposing risk factors.* In fact, in the Hearing Officer's decision, it was acknowledged that Joseph found job stress a causative factor, but that it was "vastly outweighed" by

---

* At this point, Joseph estimated that petitioner's disability was 5% to 10% employment-related.

petitioner's other risk factors. Thus, we find that the Retirement System's evidence did not exclude petitioner's employment as a causative factor and, therefore, was insufficient to overcome the statutory presumption (*see Matter of Parcell v Office of N.Y. State Comptroller*, 29 AD3d 1075, 1075-1076 [2006]; *Matter of Skae v Regan*, 208 AD2d 1028, 1029-1030 [1994]).

Peters, J.P., Spain, Stein and McCarthy, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.