■ In the Matter of JAMES G. HARRISON, Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, Respondent. [923 NYS2d 795]—

Egan Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for performance of duty disability retirement benefits.

Petitioner, a police detective, underwent a cardiac stent procedure in January 2003 and thereafter returned to work. While conducting a crime scene investigation eight months later, petitioner displayed symptoms of a cardiac event and was transported to a local hospital for evaluation. Following this incident, petitioner returned to work in a light-duty capacity. Thereafter, in March 2007, petitioner applied for performance of duty disability retirement benefits contending that he was permanently disabled as the result of a heart condition (*see* Retirement and Social Security Law § 363-a). Although finding that petitioner was permanently incapacitated from the performance of his duties, the New York State and Local Retirement System nonetheless denied petitioner's application upon the ground that such disability was not the natural and proximate result of an incident sustained in service. A hearing ensued, at the conclusion of which the Hearing Officer upheld the denial, finding that the Retirement System had tendered sufficient proof to rebut the statutory "heart presumption" (*see* Retirement and Social Security Law § 363-a [2]). Respondent made supplemental findings but otherwise upheld the Hearing Officer's decision, prompting petitioner to commence this proceeding pursuant to CPLR article 78 to challenge that determination.

Respondent does not dispute that petitioner is permanently incapacitated from the performance of his duties and, hence, the issue distills to whether the statutory presumption was rebutted by competent medical evidence (*see generally Matter of Lawless v DiNapoli*, 56 AD3d 1114, 1115 [2008]; *Matter of Bryant v Hevesi*, 41 AD3d 930, 931 [2007]). Upon our review of the record as a whole, we find that the statutory presumption was rebutted and, accordingly, confirm respondent's determination.

Richard Cantor, the board-certified cardiologist who evaluated

petitioner on behalf of the Retirement System, testified that petitioner had three major risk factors for coronary artery disease—high blood pressure, elevated lipid levels and a history of smoking.* After examining petitioner and reviewing his medical records, Cantor opined, within a reasonable degree of medical certainty, that these identified risk factors were the major, if not sole, cause of petitioner's coronary artery disease. Although Cantor acknowledged that stress could produce chest pain or cause an acute occlusion, he unequivocally stated that neither stress nor petitioner's employment as a police detective was the cause of his underlying coronary artery disease. Such testimony, coupled with petitioner's medical records and the reports submitted by other physicians who either evaluated or treated petitioner, is sufficient to rebut the statutory presumption (*see Matter of Walters v DiNapoli*, 82 AD3d 1487, 1488 [2011]; *Matter of Marinelli v DiNapoli*, 82 AD3d 1347, 1348-1349 [2011]; *Matter of Rivera v DiNapoli*, 78 AD3d 1295, 1296 [2010]; *Matter of Feldon v New York State Comptroller*, 69 AD3d 1092, 1093 [2010], *lv denied* 15 NY3d 702 [2010]; *Matter of O'Sullivan v DiNapoli*, 68 AD3d 1416, 1417-1418 [2009]; *compare Matter of Parcell v Office of N.Y. State Comptroller*, 29 AD3d 1075 [2006]). To the extent that other documentary evidence in the record could support a contrary conclusion, we need note only that this presented a conflict for respondent to resolve (*see Matter of Marinelli v DiNapoli*, 82 AD3d at 1349).

Peters, J.P., Rose, Malone Jr. and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Although petitioner testified that he was unaware of his high blood pressure and cholesterol levels prior to his stent procedure in January 2003, his medical records nonetheless reveal that these conditions predated that event. Further, Cantor testified that it was the existence of these identified risk factors—and not whether petitioner was aware of or was being treated for them—that was relevant in ascertaining the cause of petitioner's coronary artery disease.