■ In the Matter of ALAN F. SADDLEMIRE, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, et al., Respondents. [924 NYS2d 591]—

Stein, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for performance of duty disability retirement benefits.

---

Petitioner was employed as a correction officer and applied for performance of duty disability retirement benefits after experiencing episodes of atrial fibrillation while working. Respondent New York State and Local Employees' Retirement System disapproved his application, prompting him to seek a hearing and redetermination. A Hearing Officer sustained that denial after a hearing, and his findings and conclusions were accepted by respondent Comptroller. Petitioner then commenced this CPLR article 78 proceeding.

There is no dispute that petitioner successfully passed his preemployment physical and that his heart condition renders him permanently incapacitated from performing his duties as a correction officer. Accordingly, the only issue before us is whether the Retirement System rebutted the presumption of compensability contained in Retirement and Social Security Law § 507-b (c) by competent evidence (*see Matter of Rivera v DiNapoli*, 78 AD3d 1295, 1295-1296 [2010]).

Our review of the record satisfies us that the Retirement System did so and, as such, we confirm. The Retirement System produced the report of cardiologist Stephen Nash, who examined petitioner and reviewed his medical records. With regard to the cause of petitioner's heart condition, Nash identified a number of cardiac risk factors unrelated to petitioner's work, including hypertension, a family history of fibrillation, and cardiac abnormalities such as a patent foramen ovale with abnormal atrial flow and left ventricular hypertrophy. Indeed, another cardiologist, Igal Zuravicky, had previously opined that petitioner had "underlying conduction abnormalities" and unequivocally stated that his condition was unrelated to his duties as a correction officer. Inasmuch as this expert evidence not only identified factors underlying petitioner's heart condition that were unrelated to his work, but further excluded his job as one of them, the statutory presumption was satisfactorily rebutted. Having rejected the credibility of the contrary opinions of other doctors submitted by petitioner, as the Comptroller was entitled to do (*see Matter of Lipsky v New York State Comptroller*, 56 AD3d 1101, 1103 [2008]), the Comptroller had a sufficient basis to conclude that petitioner failed to meet his burden of proof in the absence of such presumption, and petitioner's application was properly denied (*see Matter of Walters v DiNapoli*, 82 AD3d 1487, 1488 [2011]; *Matter of Rivera v DiNapoli*, 78 AD3d at 1296; *Matter of Bryant v Hevesi*, 41 AD3d 930, 932 [2007]).

Mercure, J.P., Spain, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.