■ In the Matter of JEFFREY D. SCOTT, Petitioner, v THOMAS P. DiNAPOLI, as Comptroller of the State of New York, et al., Respondents. [924 NYS2d 184]—

Garry, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for performance of duty disability retirement benefits.

Petitioner, a correction officer, applied for performance of duty disability retirement benefits, alleging that he was permanently disabled as a result of heart disease attributable to his employment. Respondent New York State and Local Retirement System denied the application, finding that although petitioner was permanently incapacitated from performing his work duties, the incapacity was not sustained as a result of the performance of his duties as a correction officer. Petitioner thereafter sought a redetermination and, following a hearing, the Hearing Officer upheld the denial, finding that the Retirement System had rebutted the heart presumption contained in Retirement and Social Security Law § 507-b (c). Respondent Comptroller adopted this finding on review, prompting petitioner to commence this CPLR article 78 proceeding.

We confirm. It is undisputed that petitioner successfully passed a preemployment physical examination and is permanently disabled from performing his duties as a correction officer due to heart disease. As petitioner relies upon the statutory presumption that his disability incurred in the performance of his duties as a correction officer contained in Retirement and Social Security Law § 507-b (c), it was the Retirement System's obligation to rebut the presumption with competent medical evidence (see Matter of Lawless v DiNapoli, 56 AD3d 1114, 1115 [2008]). The Retirement System presented the medical report of a cardiologist who examined petitioner and reviewed his medical records on its behalf. The cardiologist reported that petitioner suffered from hypertension and hyperlipidemia, known risk factors for heart disease, and opined that petitioner's disability was caused by these risk factors and was not related to his work as a correction officer. Review of petitioner's medical records confirms the existence of these risk factors. As this evidence was sufficient to rebut the statutory heart presumption (see Matter of Walters v DiNapoli, 82 AD3d 1487, 1488 [2011]; Matter of Feldon v New York State Comptroller, 69 AD3d 1092, 1093 [2010], lv denied 15 NY3d 702 [2010]), we conclude that petitioner's application for benefits was properly denied.

Mercure, J.P., Spain, Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.