In the Matter of Isaac J. White, Petitioner, v Thomas P. DiNapoli, as State Comptroller, Respondent. [941 NYS2d 895]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for performance of duty disability retirement benefits.

Petitioner, a correction officer, filed an application for performance of duty disability retirement benefits, alleging, among other things, that he was permanently incapacitated due to a shoulder injury sustained on July 8, 2006.* According to petitioner, he was supervising a work crew of inmates stripping dirty wax off a floor when he turned to inspect a kitchen sink that had just been cleaned. As he turned back, he stepped on some slippery stripping chemicals and injured his rotator cuff as he grabbed the wall to try and avoid falling. The application was initially denied and petitioner sought a hearing and a redetermination. Following a hearing, the Hearing Officer denied the application, finding that petitioner's injury was caused by his own inattention and was not "the result of an act of [an] inmate." Respondent adopted the Hearing Officer's findings and this CPLR article 78 proceeding ensued.

We confirm. As the applicant, petitioner bore the burden of demonstrating that the incident was "the natural and proximate result of any act of any inmate" (Retirement and Social Security Law § 607-c [a]). Here, petitioner was supervising inmates while they waxed floors, the type of routine chore this Court has specifically held "does not constitute an act of an inmate for the purposes of awarding performance of duty disability retirement benefits" (Matter of Parish v DiNapoli, 89 AD3d 1315, 1317 [2011]). Although petitioner testified that he fell because the inmate stripping the floor did not comply with his order to work on the opposite side of the room from where he was injured, such a circumstance, even if credited, would not fulfill the statute's requirement that "a correction officer's injuries be caused by direct interaction with an inmate" (Matter of Davis v DiNapoli, 56 AD3d 933, 934 [2008] [internal quotation marks and citation omitted]; see Matter of Koziuk v New York State Comptroller, 78 AD3d 1458, 1459 [2010]).

* Although petitioner originally alleged in his application that a July 28, 2006 incident also constituted a qualifying act of an inmate, this claim was withdrawn at the hearing.

Mercure, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.