McCarthy, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, among other things, denied petitioner’s application for World Trade Center accidental disability retirement benefits.
Petitioner was employed as a State Trooper from 1984 until 2004 and he was assigned to assist in the recovery operation at ground zero following the September 11, 2001 terrorist attacks. In 2007, while employed as a private security guard, he was exposed to paint fumes, causing a severe respiratory reaction that culminated in a heart attack. In 2008, petitioner filed two applications for accidental disability retirement benefits based upon his work as a State Trooper, including an application pursuant to the World Trade Center (hereinafter WTC) presumption contained in Retirement and Social Security Law § 363-bb (h) (1) (a), claiming that he suffered various illnesses, including a respiratory condition, as the result of his work at ground zero in 2001. The applications were initially denied and petitioner requested a hearing and redetermination. Following a hearing, the Hearing Officer upheld the denial of the application for accidental disability retirement benefits pursuant to the WTC presumption, concluding that the New York State and Local Police and Fire Retirement System had rebutted the presumption.[1] Respondent adopted the Hearing Officer’s findings, prompting this CPLR article 78 proceeding.
We confirm. Pursuant to Retirement and Social Security Law *1430 § 363-bb (h) (1) (a), “any condition or impairment of health caused by a qualifying condition or impairment of health resulting in disability to a member [of the State Police] who participated in [WTC] rescue, recovery or cleanup operations for a minimum of [40] hours shall be presumptive evidence that it was incurred in the performance and discharge of duty and the natural and proximate result of an accident not caused by such member’s own willful negligence, unless the contrary be proved by competent evidence.” It is uncontested that petitioner participated in the WTC recovery operations for over 40 hours and is permanently disabled due to reactive airway dysfunction syndrome, a qualifying condition pursuant to the WTC presumption (see Retirement and Social Security Law § 363-bb [h] [1] [c] [ii]). Therefore, the presumption is applicable and the burden was on the Retirement System to proffer “affirmative [competent or credible] evidence to disprove causation” (Matter of Bitchatchi v Board of Trustees of the N.Y. City Police Dept. Pension Fund, Art. II, 20 NY3d 268, 282 [2012]).[2] Upon our review of the record, we find that the evidence was sufficient to rebut the statutory presumption.
Liziamma George, a pulmonologist who examined petitioner on behalf of the Retirement System, concluded that petitioner’s disability was the result of his exposure to the noxious fumes in 2007. George noted that petitioner had minimal respiratory complaints following his work at ground zero, continued working as a State Trooper until 2004 and did not suffer any symptoms of his condition until after his 2007 exposure. Inasmuch as George opined that petitioner’s current disability was causally related to his 2007 exposure to noxious fumes and not to his participation in the WTC recovery operations, we conclude that the statutory presumption was rebutted (see generally Matter of Ashley v DiNapoli, 97 AD3d 1057, 1058 [2012]; Matter of Marinetti v DiNapoli, 82 AD3d 1347, 1348 [2011]; Matter of Bryant v Hevesi, 41 AD3d 930, 932 [2007]). Although petitioner’s treating physician offered a contrary opinion, respondent was entitled to resolve conflicts in the medical evidence (see Matter of Marinetti v DiNapoli, 82 AD3d at 1349; Matter of Krupinski v McCall, 302 AD2d 676, 677 [2003]). Accordingly, we conclude that respondent’s determination to deny petitioner’s application for WTC accidental disability benefits was supported by substantial evidence.
Rose, J.E, Stein and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

. During the hearing, petitioner withdrew his challenge to the denial of his other application.

. Bitchatchi involved the analogous provision found in Administrative Code of City of NY § 13-252.1 (1) (a).