■ In the Matter of REGINALD FERGUSON, Petitioner, v THOMAS P. DINAPOLI, as New York State Comptroller, et al., Respondents. [980 NYS2d 177]—

Stein, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for performance of duty disability retirement benefits.

Petitioner, a correction officer, applied for performance of duty disability retirement benefits based on, among other things, heart disease and back, arm and leg injuries. His application was initially denied, prompting petitioner to seek a hearing and redetermination. Following the hearing, the Hearing Officer upheld the denial, concluding that petitioner's heart disease was not caused by his employment, his arm and leg injuries were not sustained as the result of an inmate act and he was not disabled by the claimed back injuries. Respondent Comptroller accepted the Hearing Officer's determination and this CPLR article 78 proceeding ensued.

We confirm. With regard to petitioner's heart disease, respondents concede that petitioner is entitled to the statutory presumption that his disability associated with this condition was incurred in the performance of his duties as a correction officer and that respondent New York State and Local Retirement System was obligated to rebut the presumption with competent medical evidence (see Retirement and Social Security Law § 507-b [c]; Matter of Saddlemire v DiNapoli, 84 AD3d 1692, 1693 [2011]; Matter of Walters v DiNapoli, 82 AD3d 1487, 1487 [2011]). Cardiologist David Dean, who examined petitioner on behalf of the Retirement System, concluded that he was not disabled by heart disease and, further, that petitioner's heart disease was related to various risk factors, including elevated cholesterol and family history, and was not caused by his employment. The foregoing constituted competent evidence rebutting the statutory presumption and, inasmuch as resolution of conflicting medical evidence is left to the Comptroller, it also provides substantial evidence supporting the Comptroller's determination that petitioner is not entitled to disability retirement benefits on this basis (see Matter of Baron v New York State Comptroller, 84 AD3d 1678, 1679 [2011]; Matter of Saddlemire v DiNapoli, 84 AD3d at 1693; Matter of Rivera v DiNapoli, 78 AD3d 1295, 1296 [2010]).

With regard to petitioner's arm and leg injuries, sustained when he fell down a set of stairs in 2006, petitioner was required to establish that his injuries were "caused by direct interaction with an inmate" (*Matter of Koziuk v New York State Comptroller*, 78 AD3d 1458, 1459 [2010] [internal quotations marks and citation omitted]; *see* Retirement and Social Security Law § 507-b [a]). Inasmuch as the record contains inconsistencies regarding the circumstances of petitioner's fall and the Comptroller is vested with authority to resolve such inconsistencies, we find that the Comptroller's determination that these injuries were not the direct result of an act of an inmate is supported by substantial evidence (*see Matter of Stimmer v DiNapoli*, 98 AD3d 1216, 1217 [2012]; *Matter of Koziuk v New York State Comptroller*, 78 AD3d at 1459). Finally, the record does not reflect that petitioner is permanently incapacitated from the performance of his job duties as the result of a back injury sustained in incidents identified by him (*see Matter of Cooke v DiNapoli*, 96 AD3d 1340, 1341 [2012]).

Lahtinen, J.P., McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.