Garry, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner’s application for performance of duty disability retirement benefits.
For approximately 17V2 years, petitioner worked as a correction officer for the Westchester County Department of Corrections. He spent most of his career working in an old jail building that was poorly ventilated and contained an abundance of mold, mildew and other contaminants. In 2005, he began to have respiratory and heart problems and he suffered from shortness of breath and chest pain related to these conditions. In 2007, he filed an application for performance of duty disability retirement benefits under Retirement and Social Security Law § 607-c based upon his disabling heart condition. The New York State and Local Employees’ Retirement System processed the application under Retirement and Social Security Law §§ 607-c and 607-d and denied petitioner benefits under both provisions. *1393 The denials were subsequently upheld by a Hearing Officer and later by respondent. Petitioner commenced this CPLR article 78 proceeding challenging respondent’s determination.
Initially, Retirement and Social Security Law § 607-c provides that performance of duty disability retirement benefits shall be awarded to correction officers who have been physically or mentally incapacitated as the result of an injury “sustained in the performance or discharge of [their] duties by, or as the natural and proximate result of[,] any act of any inmate” (Retirement and Social Security Law § 607-c [a]). In order to fall within this provision, the injury sustained must have occurred through some type of direct interaction with an inmate (see Matter of White v DiNapoli, 94 AD3d 1290, 1290 [2012]; Matter of Perry v DiNapoli, 88 AD3d 1047, 1048 [2011]; Matter of Escalera v Hevesi, 9 AD3d 666, 667 [2004], lv denied 3 NY3d 608 [2004]). Petitioner concedes that his injuries were not caused by any physical contact with an inmate. Rather, he maintains that his respiratory problems are attributable to the poor air quality in the old jail building, which was worsened by the inmates’ lack of hygiene and failure to properly perform their cleaning tasks, and that his heart condition was due to the constant stress he experienced while performing his job. As petitioner seeks benefits based upon conditions of his job that are not the product of any direct interaction with an inmate, substantial evidence supports the denial of his application under Retirement and Social Security Law § 607-c (see e.g. Matter of White v DiNapoli, 94 AD3d at 1290; Matter of Koziuk v New York State Comptroller, 78 AD3d 1458, 1459-1460 [2010]; Matter of Wright v Hevesi, 46 AD3d 1184, 1185 [2007]).
Turning to Retirement and Social Security Law § 607-d, that statute provides that performance of duty disability retirement benefits shall be awarded to correction officers who become disabled by “any condition of impairment of health caused by diseases of the heart” where such disability occurs while they are employed. Notably, the statute contains a presumption that the impairment “was incurred in the performance and discharge of duty, unless the contrary can be proved by competent evidence” (Retirement and Social Security Law § 607-d). To successfully rebut this statutory presumption, it must be demonstrated through expert proof that the applicant’s cardiac condition was caused by cardiac risk factors other than the applicant’s employment (see Matter of Harrison v DiNapoli, 84 AD3d 1691, 1692 [2011]; Matter of Walters v DiNapoli, 82 AD3d 1487, 1488 [2011]; Matter of Bryant v Hevesi, 41 AD3d 930, 932 [2007]).
*1394 To rebut the presumption, the Retirement System relied upon the testimony of Stanley Halprin, a cardiologist who examined petitioner at its request. Halprin disagreed with the diagnosis of obstructive hypertrophic cardiomyopathy given to petitioner by his treating cardiologist. Although he acknowledged that some of petitioner’s symptoms were consistent with this condition, he indicated that others were not. According to Halprin, it is likely that petitioner suffers from disabling coronary artery disease as he has known risk factors, including a prior stroke, high blood pressure and a smoking history. He stated that stress alone would not cause coronary artery disease, but opined that it could increase the probability of developing such disease through the mediation of known risk factors. Significantly, however, Halprin declined to diagnose petitioner with coronary artery disease; instead he stated that further testing was necessary, specifically a coronary angiogram to ascertain the cause of petitioner’s chest pain and shortness of breath. Furthermore, he acknowledged that petitioner’s symptoms could also be due to his pulmonary deficiencies. Absent a definitive diagnosis, we find Halprin’s testimony concerning the cause of petitioner’s cardiac condition to be inconclusive at best (see e.g. Matter of Parcell v Office of N.Y. State Comptroller, 29 AD3d 1075, 1075-1076 [2006]; Matter of Skae v Regan, 208 AD2d 1028, 1029-1030 [1994]; Matter of Di Laura v Regan, 189 AD2d 994, 995-996 [1993]; compare Matter of Rivera v DiNapoli, 78 AD3d 1295, 1296 [2010]). Accordingly, the proof submitted was insufficient to rebut the statutory presumption, and that part of the determination denying petitioner performance of duty disability retirement benefits under Retirement and Social Security Law § 607-d must be annulled.
Peters, P.J., Stein, Egan Jr. and Devine, JJ., concur.
Adjudged that the determination is modified, without costs, by annulling so much thereof as denied petitioner’s application for performance of duty disability retirement benefits under Retirement and Social Security Law § 607-d; petition granted to that extent and matter remitted to respondent for further proceedings not inconsistent with this Court’s decision; and, as so modified, confirmed.