Matter of O'Donoghue v DiNapoli (2023 NY Slip Op 05773)

Matter of O'Donoghue v DiNapoli

2023 NY Slip Op 05773

Decided on November 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 16, 2023

536126
[*1]In the Matter of Patrick J. O'Donoghue, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, et al., Respondents.

Calendar Date:October 18, 2023

Before:Clark, J.P., Aarons, Pritzker, Ceresia and Fisher, JJ.

McIntyre, Donohue, Accardi, Salmonson & Riordan, LLP, Bay Shore (David Donohue of counsel), for petitioner.
Letitia James, Attorney General, Albany (Kevin C. Hu of counsel), for respondents.

Clark, J.P.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for performance of duty disability retirement benefits.
Petitioner, a correction officer, suffered a heart attack in 2007 and was diagnosed with and treated for high blood pressure. Petitioner returned to work and, in 2008, voluntarily joined a unit tasked with returning parole absconders to the counties of their convictions. In February 2017, petitioner, complaining of fatigue and edema, sought treatment from a cardiologist, William McClure, who diagnosed petitioner with coronary artery disease, heart failure and high blood pressure. Approximately one month later, petitioner sought further treatment after experiencing chest pains and shortness of breath while at work, and he did not thereafter return to work.
Petitioner applied for performance of duty disability retirement benefits in September 2017 asserting that he was permanently incapacitated from the performance of his duties as the result of a heart condition. Although petitioner was found to be permanently incapacitated, his application for benefits was denied upon the ground that his disability was not sustained as a result of the performance or discharge of his duties. Following a hearing and redetermination, the Hearing Officer upheld the denial, finding that petitioner's heart disease was not caused by his employment. Respondent Comptroller adopted the Hearing Officer's findings of fact and conclusions of law, and petitioner thereafter commenced this CPLR article 78 proceeding seeking to challenge the Comptroller's determination.
We confirm. Respondent New York State and Local Employees' Retirement System concedes that petitioner is permanently incapacitated from the performance of his duties as a correction officer as a result of his heart condition and, further, that the "heart presumption" embodied in Retirement and Social Security Law § 507-b (c) applies. Hence, the issue distills to whether the Retirement System successfully rebutted the heart presumption, which, in turn, required the Retirement System to demonstrate — through expert medical proof — that petitioner's cardiac condition was caused by risk factors other than his employment (see Matter of Park v DiNapoli, 123 AD3d 1392, 1393 [3d Dept 2014]; Matter of Walters v DiNapoli, 82 AD3d 1487, 1487-1488 [3d Dept 2011]; Matter of Rivera v DiNapoli, 78 AD3d 1295, 1296 [3d Dept 2010]).
The Retirement System's expert, Adel Soliman, reviewed petitioner's job description, together with numerous medical records, test reports and office notes, and conducted a physical examination of petitioner in January 2018. Soliman noted that petitioner's past medical history included two prior cardiac events — one in 2007 and the other in 2017 — resulting in a diagnosis of nonobstructive coronary artery disease and that petitioner also suffered [*2]from diabetes, obesity, hypertension and dyslipidemia (high cholesterol). After examining petitioner, Soliman diagnosed petitioner with nonobstructive coronary artery disease, very mild congestive heart failure and diabetes (not well controlled). According to Soliman, diabetes is "a major risk factor" for, among other things, heart attack and coronary artery disease; petitioner's additional risk factors for coronary artery disease included hypertension, dyslipidemia, obesity and a sedentary lifestyle.
Although Soliman agreed that petitioner was permanently incapacitated from the performance of his duties as a correction officer as a result of his cardiovascular disease, Soliman was adamant that petitioner's correctional officer duties were not the cause of such disease, stating that "[c]oronary artery disease is not occupation specific." Rather, Soliman opined, there are "well-defined risk factors for coronary artery disease," including the various risk factors previously attributed to petitioner. With respect to work-related stress, Soliman acknowledged that stress could be a contributing factor to, for example, petitioner's high blood pressure, but he made clear that stress was neither a recognized risk factor for developing coronary artery disease nor a cause of coronary artery disease or hypertension in the first instance (see Matter of Walters v DiNapoli, 82 AD3d at 1488). Soliman further opined that the identified risk factors could not be viewed in isolation, i.e., no one individual risk factor may be said to have caused petitioner's coronary artery disease; rather, such disease was the "collective" effect of the recognized risk factors identified in Soliman's expert report and testimony.
The foregoing testimony, in our view, was sufficient to exclude petitioner's employment as a causative factor in the development of his disabling coronary artery disease and, as such, the statutory presumption was effectively rebutted (see Matter of Saddlemire v DiNapoli, 84 AD3d 1692, 1693 [3d Dept 2011]; Matter of Walters v DiNapoli, 82 AD3d at 1488; Matter of Rivera v DiNapoli, 78 AD3d at 1296; compare Matter of Park v DiNapoli, 123 AD3d 1394; Matter of Walsh v DiNapoli, 83 AD3d 1278, 1279-1280 [3d Dept 2011]; Matter of Skae v Regan, 208 AD2d 1028, 1029-1030 [3d Dept 1994]). The testimony offered by petitioner's treating cardiologist, which the Comptroller was free to reject (see e.g. Matter of Saddlemire v DiNapoli, 84 AD3d at 1693), does not warrant a contrary result, as such testimony — at best — establishes that stress "appears to" or may "possibl[y]" have some effect upon the development or progression of coronary artery disease. Petitioner's remaining arguments on this point, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Aarons, Pritzker, Ceresia and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.